## PRENTICE *v.* PICKERSGILL.

A judgment affirmed under Rule 23 of the court, with ten per cent. damages, it appearing from the character of the pleadings, that the writ of error must have been taken only for delay.

ERROR to the Circuit Court for the Western District of Pennsylvania.

The twenty-third rule of this court declares that "in all cases where a writ of error shall delay the proceedings on

the judgment of the inferior court, and shall appear to have been sued out merely for delay, damages shall be awarded at the rate of ten per centum per annum on the amount of the judgment; and the said damages shall be calculated from the date of the judgment in the court below until the money is paid." With this rule in force Prentice sold to Pickersgill a lot of ground having a mortgage of $5000 on it; Pickersgill paying $1500 in cash, and Prentice covenanting to pay off the mortgage. The covenant not being kept, and the property having been sold on a foreclosure of the mortgage, Pickersgill sued Prentice on the covenant. Prentice pleaded that as " he claimed, supposed, and understood," the covenant was satisfied and discharged, he having paid Pickersgill $1500 back; but that a dispute arising between the parties as to whether anything more ought to be paid, the matter was agreed to be left to one Henry, who said and decided that $1500 more ought to be paid.

*Replication* that there was no such reference; that Henry did not make any award or decision; and that the said defendant did not pay to the plaintiff the sum of $1500, or *any* sum of money, for or on account of any award or determination; concluding to the country.

To this replication, after issue joined, and when the cause was on the trial list, and ready for trial, Prentice *demurred*, assigning for cause that the replication did not properly traverse the plea; that it introduced new matter in the allegation that the defendant did not pay to the plaintiff $1500, or any sum of money, for or on account of the award, which allegation ought to have concluded with a verification, and not to the country, and that it was colorable, uncertain, &c.

The demurrer being overruled, the case went to trial, before Grier, J., when the defendant wholly failing to prove any reference, or submission, or award by Henry, the jury found for the plaintiff $2618; the plaintiff having been credited by them with the $1500 paid back. Judgment having gone accordingly, a writ of error was taken by the defendant to this court; no counsel appearing for him in this court, nor any brief being filed.

*Messrs. Veech and Henry, for the other party, defendant in error :*

The averment in the replication, that the defendant did not pay the sum of $1500, or any sum on account of any award or determination made by Henry, was immaterial, and at most matter of surplusage. Independently of that averment, the replication was a complete answer to the plea. Moreover, the demurrer was too late. It was filed after issue joined, and when the cause was on the trial-list, and ready for trial. The case was tried before the jury on its merits, and the defendant below utterly failed to make out any defence to the plaintiff's claim. The plaintiff had credited him with the $1500, and the verdict was for the residue. In point of fact, the defendant below had no defence, and his demurrer, like his writ of error, was intended for delay.

The CHIEF JUSTICE: The writ of error in this case was sued out merely for delay. The judgment will therefore be affirmed under the twenty-third rule, with ten per centum damages on the amount of the judgment below.

AFFIRMED ACCORDINGLY.

NOTE.

At the close of the term another case, *The Chicago City Railway Co.* v. *Bour*, a suit brought by a passenger against a railroad company to recover damages for an injury done to him, by reason of the negligence of their servants in running one of their cars, was affirmed with like damages, there having been no exception to the rulings or instructions of the court, and the court observing that the case seemed "to have been brought simply for delay." See also *The Douro*, 3 Wallace, 566.