72  565
83  465
83  466

## ROGERS v. STATE.

Opinion delivered July 2, 1904.

1. CONSTITUTIONAL LAW—PASSAGE OF BILLS.—Under Const. 1874, art. 5, § § 21, 22, providing that "no law shall be passed except by bill," and that "no bill shall become a law unless on its final passage the vote be taken by yeas and nays" etc., no law can be enacted unless both houses pass the same bill. (Page 566.)

2. EVIDENCE—RECORDS OF LEGISLATURE.—Under Sand. & H. Dig., § 3171, providing that "the secretary of state shall receive from the secretary of the senate and the clerk of the house of representatives all the records, books, papers and rolls of the general assembly, and file the same as records of his office," such records are evidence of the facts of which they testify. (Page 568.)

3. STATUTE—VARIANCE BETWEEN HOUSE AND SENATE BILLS.—The act of March 27, 1901, entitled "An act to suppress and punish gambling," was not constitutionally enacted; it appearing from the records in the office of the secretary of state that the bill which passed the senate differed materially from that which passed the house. (Page 568.)

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Reversed.

*C. V. Teague, Thomas B. & Robert Martin,* and *Campbell & Stevenson,* for appellant.

The bill was not legally passed in the senate, because it was not read at length three times as required by the constitution. Const. art. 5; 40 Ark. 200; 54 Cal. 111; 2 Minn. 330. The act is void because the same bill was not passed by the house and senate and approved by the governor. Const. 1874, art. 5, § 12. Extrinsic evidence which does not contradict the journal may be received to aid or explain it. 26 Am. & Eng. Enc. Law (2d Ed.), 553, 554; 36 Fed. 174; 61 Neb. 679; 6 Wall. 499. The document found by the janitor after adjournment of the senate was an official one. Sand. & H. Dig. § § 3171, 2880. An enrolled bill is not conclusive evidence. Courts may look behind it. 24 Am. & Eng. Enc. Law (2d Ed.), 555; 19 Ark. 250; 27 Ark. 266, 280; 32 Ark. 496, 515; 41 Ark. 475; 33 Ark. 17. For a statute to be legally passed, the house, the senate and the governor must have had before them the same bill for consideration and approval. 41 Ark. 474; art. 6, § 15, Const. The only question was one of identity. 49 Ark. 325, 333; 43 Ala. 721; 48 Ala. 115; 17 Am. Rep. 28; 19 Ill. 327; 42 Md. 203; 50 Miss. 68, 81; 110 Fed. 799; 59 Neb. 563; 81 N. W. 510; 34 N. W. 254; 103 Fed. 376. The house had no authority to act upon the substituted copy. Cush. Law & Prac. Leg. Assemblies, 2396.

BATTLE, J. Was the act entitled "An act to suppress and punish gambling," approved March 27, 1901, constitutionally enacted?

The constitution of this state provides that "no law shall be passed except by bill;" "and no bill shall become a law unless, on its final passage, the vote be taken by yeas and nays; the

names of the persons voting for and against the same be entered
on the journal; and a majority of each house be recorded
thereon as voting in its favor." Const. 1874, art. 5, § § 21, 22.
No law can be enacted unless both houses pass the same bill.

The journal of the senate of the general assembly of the
state, which convened on the 14th of January, 1904, shows that
"Senator Wilson, T. N., introduced senate bill No. 15, entitled
'A bill for an act to be entitled an act to suppress and punish
gambling;'" and that it was amended and passed the senate
by the requisite majority.

The journals of the house of representatives of the same
general assembly show that "senate bill No. 15, by Wilson,
T. N., a bill for an act to suppress and punish gambling," was
transmitted to the house, was read the requisite number of times,
and was passed by the necessary majority. The names of the
persons voting for and against it in each house were entered
on the respective journals, as required by the constitution.

Did the same bill pass each house? The journals do not
show the contents of the bill, and give only its title.

In *Town of South Ottawa* v. *Perkins,* 94 U. S. 260, 268,
Mr. Justice Bradley, speaking for the court, said: "The ques-
tion as to the existence of a law is a judicial one. * * * This
subject was fully discussed in *Gardner* v. *The Collector.* After
examining the authorities, the court in that case lays down this
general conclusion, 'that whenever a question arises in a court
of law of the existence of a statute, or of the time when a statute
took effect, or of the precise terms of a statute, the judges who
are called upon to decide it have a right to resort to any source
of information which in its nature is capable of conveying to the
judicial mind a clear and satisfactory answer to such question,
always seeking first for that which in its nature is most appro-
priate, unless the positive law .has enacted a different rule.'
[6 Wall. 511.] * * * The question of such existence or non-
existence being a judicial one in its nature, the mode of ascer-
taining and using the evidence must vest in the sound discretion
of the court on which the duty in any particular case is imposed."

In *Chicot County* v. *Davies,* 40 Ark. 200, 212, this court
said: "The enrollment is a solemn record, and the existence of
the act is to be tried by the record, and is not to depend on the

uncertainty of parol proof, or upon anything extrinsic to the law and the authenticated recorded proceedings in passing it. But the enrolled act is not the only record in the case. The inquiry may be carried back to the legislative journals and the records and files of the office of the secretary of state. *In the Matter of Wellman,* 20 Vt. 656."

Section 3171 of Sandels & Hill's Digest provides as follows: "The secretary of state shall receive from the secretary of the senate and the clerk of the house of representatives all the records, books, papers and rolls of the general assembly, and file the same as records of his office." These records, books, papers and rolls are kept and preserved as evidence of those facts of which they testify. What other useful purpose can they serve?

Examining these records, we find that the act entitled "An act to suppress and punish gambling," approved March 27, 1901, was senate bill No. 15, except that section 4 of the bill as it passed the senate was as follows:

"If any prosecuting attorney, city attorney. police judge, policeman, sheriff, marshal or mayor of any city or town in this state shall accept any sum from any person, firm or corporation with the understanding, direct or implied, that said person, firm or corporation will not be arrested or prosecuted for the violation of this act, said prosecuting attorney, city attorney. police judge, policeman, sheriff, marshal or mayor, upon indictment and conviction, shall be fined in any sum not less than $500 nor more than $5,000, one-half of said fine to go to the person, firm or corporation from whom said sum was received and one-half to the common school fund."

And section 4 of the bill as it passed the house is as follows:

"If any prosecuting attorney, city attorney, police judge, policeman, marshal or mayor of any city or town in this state shall accept any sum from any person, firm or corporation with the understanding, direct or implied, that said person, firm or corporation will not be arrested and prosecuted for the violation of this act, said prosecuting attorney, city attorney, police judge, policeman, marshal or mayor, upon indictment and conviction, shall be fined in any sum not less than $1,000 and not more than $5,000, one-half of said fine to go to the person, firm or corporation from whom said sum was received and one-half to the common school fund."

The word "sheriff" is used in section 4 of one bill, and not in the same section of the other, and the fine in section 4 in one is fixed "in any sum not less than $500 nor more than $5,000," and in the same section in the other "in any sum not less than $1,000 and not more than $5,000." So the bill as it passed the senate and as it passed the house was not the same, but was materially different, and is void. *Smithee v. Campbell*, 41 Ark. 471, 474; *Prescott* v. *Board of Trustees I. & M. Canal,* 19 Ill. 327; *Legg* v. *Mayor of Annapolis,* 42 Md. 203.

The act, as it appears in the published acts of the general assembly, was never passed according to the constitution, and therefore has never become a law.

Reverse the judgment, and quash the indictment.