## STATE *v.* BOWMAN.

### Opinion delivered March 22, 1909.

1. STATUTES—VOTE ON PASSAGE OF BILL.—Art. 5, § 21, Const. 1868, providing that "on the final passage of all bills the vote shall be taken by yeas and nays and entered on the journal," is mandatory, and essential to the validity of statutes.  (Page 176.)

2. SAME—HOW EXISTENCE DETERMINED.—Whenever a question arises as to the existence of a statute, the judges who are called upon to decide it have a right to resort to any appropriate source of information, including the legislative journals.  (Page 176.)

3. SAME—CONCLUSIVENESS OF CERTIFICATE OF SECRETARY OF STATE.—A certificate of the Secretary of State as to the contents of the legislative journals is not conclusive upon the courts, which may examine the journals themselves.  (Page 177.)

4. SAME—PRESUMPTION AS TO PASSAGE.—Where an act was duly signed by the Governor, deposited with the Secretary of State, and duly published as a law, it will be presumed that every requirement was complied with in its passage.  (Page 177.)

Appeal from Johnson Circuit Court; *J. Hugh Basham,* Judge; reversed.

*Hal. L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellant.

It is well settled that in passing on a question of this kind this court may resort to all sources of information available, and may search the journals of the House of Representatives and the Senate.  72 Ark. 565; 40 Ark. 200 and cases cited; 32 Ark. 496. The Constitution of 1868, art. 5, § 21, provides: "On final passage of all bills the vote shall be taken on yeas and nays and entered on the journal."  An act not passed in compliance with this provision is invalid.  33 Ark. 25; 27 Ark. 279.  A further search of the journals of the House and Senate of the General Assembly of 1868 shows that all the mandatory requirements of the Constitution were complied with.  The bill passed.  Every

presumption lies in favor of the constitutionality of the act. Cooley on Const. Lim. 135-6; 33 Ark. 26; 11 Ark. 486; 59 Ark. 528.

FRAUENTHAL, J.  An information was properly filed with a justice of the peace of Johnson County charging that defendant, John Bowman, did commit the offense of a breach of peace in violation of section 1648 of Kirby's Digest.  He was convicted in the court of the justice of the peace, and duly appealed to the circuit court.  In the circuit court the defendant interposed a demurrer to the information upon the ground that section 1648 of Kirby's Digest, under which the information was filed and the prosecution brought, was never enacted or passed by the Legislature of the State of Arkansas; and that therefore the information did not state facts sufficient to constitute an offense against the laws of Arkansas.

Section 1648 of Kirby's Digest is one of the sections of act number 59 of the General Assembly of the State of Arkansas of 1868 entitled: "An act to define and punish offenses against the public peace and tranquillity," approved July 23, 1868.  Acts 1868, p. 214.

With his demurrer the defendant filed a certified copy of the journals of the Senate and House of Representatives of the General Assembly of 1868 showing the proceedings of the Legislature relative to the passage of said act number 59, which is duly authenticated by the Secretary of State in manner prescribed by law.

From this certified copy of said journals it appeared that said act number 59 was Senate Bill No. 15, and that it regularly passed the Senate, and that on the final passage of the bill in the Senate the vote was taken by yeas and nays and duly entered on the journal of the Senate.  But from said certified copy of the journal of the House it did not appear that said Senate Bill No. 15 was read a third time, and it did not appear on the journal of the House that on the final passage of said bill in the House the vote was taken by the yeas and nays and entered on the journal of the House.

The circuit court sustained the demurrer of the defendant, presumably on said ground that upon the final passage of said bill in the House the vote was not taken by the yeas and nays

and entered on the journal. The State of Arkansas through its prosecuting officers has duly prosecuted this appeal from the judgment of the circuit court sustaining said demurrer and discharging the defendant.

The question thus involved in this case is whether said Senate Bill No. 15, which in the printed Acts of 1868 became Act No. 59 of the General Assembly of Arkansas of 1868, was legally enacted.

By article 5, section 21, of the Constitution of 1868, under which the above act was passed, it is provided: "On the final passage of all bills the vote shall be taken by yeas and nays and entered on the journal." The failure to comply with the above provision of the Constitution on the final passage of a bill by the Legislature, as a rule, renders the law void; and in this State this court has held uniformly that said provision is mandatory and imperative. 26 Am. & Eng. Enc. Law (2d Ed.) 543; Cooley's Constitutional Limitations (7th Ed.) 201; *Post* v. *Supervisors,* 105 U. S. 667; *Vinsant* v. *Knox,* 27 Ark. 266; *Worthen* v. *Badgett,* 32 Ark. 496; *Smithee* v. *Garth,* 33 Ark. 17.

Now, whenever a question arises as to the existence of a statute, the judges who are called upon to decide have a right to resort to any source of information, in order to arrive at a correct determination; and to that end may examine the legislative journals. The certificate of the Secretary of State as to the contents of the legislative journals is not conclusive, but the judges may examine them for the purpose of verification. In the case of *Gardner* v. *Collector,* 6 Wall. 499, it is said: "We are of opinion, therefore, on principle as well as authority, that whenever a question arises in a court of law of the existence of a statute, * * * the judges who are called upon to decide it have a right to resort to any source of information which in its nature is capable of conveying to the judicial mind a clear and satisfactory answer to such question; always seeking first for that which in its nature is most appropriate, unless the positive law has enacted another rule." *Worthen* v. *Badgett,* 32 Ark. 496; *Chicot County* v. *Davies,* 40 Ark. 200; *Powell* v. *Hays,* 83 Ark. 448; 12 Enc. of Evidence, 43.

Upon a more careful examination of the journal of the proceedings of the House of Representatives of the General As-

sembly of the State of Arkansas of 1868, it is found in said journal that on the final passage of said Senate Bill No. 15 the vote was taken by the yeas and nays and entered on the journal of the House. In the House, on July 8, 1868, the said Senate Bill No. 15 was read the first time; and on July 10, 1868, it was read the second time. On page 514 of said journal of said House of Representatives appears the following: "On motion of Mr. Johnson the report of the Judiciary Committee on Senate Bill No. 15, 'An Act to punish disturbers of the public peace,' was adopted. On motion of Mr. Benjamin the bill was read third time and put upon its final passage. Mr. Speaker put the question whether the House would agree to the final passage of said bill, and it was determined in the affirmative. Yeas 45, nays 1. Those who voted in the affirmative were: (The journal gives here a complete list of those voting in the affirmative, those voting in the negative, and those absent and not voting). Ordered that the clerk return said bill to the Senate, with information that the House has concurred in the passage of the same."

This entry in said journal of the House must have been inadvertently overlooked when the above certificate was prepared, and upon which the circuit court acted. We have examined the journals of the Senate and the House of Representatives of the General Assembly of 1868 and the proceedings as shown by those journals relating to the passage of said Senate Bill No. 15; and we find that the journals show every action taken that was expressly required by the Constitution for the legal enactment of said bill. And as to every other matter, as is said by Mr. Cooley in his work on Constitutional Limitations, 7th Ed. 193, "when the legislature is acting in the apparent performance of its legal functions, every reasonable presumption is to be made in favor of its action. It will not be presumed in any case from the mere silence of their journals that either house has exceeded its authority or disregarded a constitutional requirement in the passage of legislative acts, unless when the constitution has expressly required the journals to show the action taken."

This act of the Legislature of 1868 was duly signed by the Governor, deposited with the Secretary of State and duly pub-

lished as a law. It will be presumed that every rule and requirement was complied with in its passage. *Pelt* v. *Payne* (Ark.) *post* p. 600; *Chicot Co.* v. *Davies,* 40 Ark. 200, 215; *Glidewell* v. *Martin,* 51 Ark. 559, 566; 12 Enc. of Evidence, 48.

Act number 59 of the General Assembly of the State of Arkansas of 1868, approved July 23, 1868 (which was Senate Bill No. 15), one of the sections of which is section 1648 of Kirby's Digest, was therefore legally enacted.

The judgment of the Johnson Circuit Court sustaining the demurrer to the information and discharging the defendant is reversed, and this cause is remanded with directions to overrule the demurrer and to proceed with the trial of the defendant.