PERRY v. STATE.

Opinion delivered June 16, 1919.

1. STATUTES—PRESUMPTION OF REGULARITY.—That an act of the Legislature was signed by the Governor and deposited with the Secretary of State raises the presumption that every requirement was complied with, unless the contrary appears from the record of the Legislature.

2. SAME—PRESUMPTION.—Where the Senate journal shows that a Senate bill was amended in the Senate, but the bill as approved by the Governor did not contain such amendment, it will be presumed, in the absence of any showing to the contrary in the Senate record, that the Senate receded from the amendment, and that the bill passed by the Senate and House was the bill approved by the Governor.

Appeal from Mississippi Circuit Court, Chickasawba District; *R. E. L. Johnson*, Judge; affirmed.

*W. J. Driver*, for appellant.

The bill passed by both Houses is not the bill signed by the Governor. The records are conclusive of this. The courts are the judges and must determine whether the act ever became a law. 103 Ark. 48. See also 19 Ark. 256; 44 *Id.* 548; 90 *Id.* 176; 32 *Id.* 414; 34 *Id.* 263; 6 Wall.

499; 40 *Id.* 221; 32 *Id.* 496; 72 *Id.* 565; 41 *Id.* 475; 33 *Id.* 17; 40 *Id.* 200; 41 *Id.* 475; Cooley Const. Lim., 135; 49 *Id* 333. There is a variance between the bill passed and the one signed. Section 6 provides that the act shall not be effective until voted on at a special election had and a majority of votes cast for its adoption. In enrolling the act certain provisions were left out and it was so signed by the Governor. 7 Wyo. 166. See Const., art. 5, § 12; 51 Am. Dec. 611; 47 Am. St. 821; 72 *Id.* 928; 75 *Id.* 889; Const., art. 5, § 22; 110 Ark. 269; 90 *Id.* 174. See also 29 Ark. 266; 32 *Id.* 496; 33 *Id.* 17; 61 *Id.* 109. The act is unconstitutional and void. Cases *supra;* 49 Ark. 325; 71 *Id.* 527.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

The bill passed was the same bill signed by the Governor; the bill and its indorsements, as well as the records and journals of both Houses, show this. 40 Ark. 200; 131 *Id.* 295; 27 *Id.* 278. See also 131 *Id.* 294; 90 *Id.* 174; 110 *Id.* 269. The judgment below is correct and it should be affirmed.

*C. M. Buck* and *P. A. Lasley,* of counsel for appellee, join in the brief for appellee, contending that the judgment is right and should be affirmed. Citing cases *supra.*

HUMPHREYS, J. Appellant was indicted, tried and convicted, in the Chickasawba District of the Mississippi Circuit Court, for permitting a cow to run at large contrary to the provisions of Act No. 154, Acts of the General Assembly of the State of Arkansas of 1919, approved March 1, 1919.

Appellant defended on the ground that the act, as approved by the Governor, was not the same act passed by the two Houses of the Legislature.

The cause was submitted to the court, sitting as a jury, upon the following agreed statement of facts:

"That the defendant (appellant) John Perry did, on the first day of April, 1919, knowingly and intentionally turn out and permit to run at large in that part of the

Chickasawba District of Mississippi County, Arkansas, lying east of Little River, one cow, in violation of the terms of Act 154 of the General Assembly of Arkansas, approved March 1, 1919.

"It is further agreed that for the purpose of testing the validity of said act, this cause shall be submitted to the court, a jury trial being waived, that all records of both Houses of the General Assembly shall be considered as offered in evidence, and that the record of journal entries of the Senate, certified to by Ira C. Langley, secretary of said body, is a true and correct copy of the journal of said body; also the records certified to by H. G. Combs, chief clerk of the House of Representatives, is a true and correct copy of said journal record of said House; also that all of said records, including the original enrolled bill as now filed with the Secretary of State and the original bill as introduced, together with the indorsements thereon, are hereby made a part of the record of this case."

The original bill, the act as signed, the journals and indorsements on the orignal bill were introduced in evidence under the terms of the stipulation.

The court sustained the validity of the bill, found the defendant guilty, assessed his fine at $5 and rendered judgment in accordance with the findings, from which findings and judgment, an appeal has been duly prosecuted to this court.

It is insisted by appellant that the bill passed by the Legislature provided for an election and a majority vote of the electors in the district before the bill should become effective, and that the bill approved by the Governor and filed in the Secretary of State's office does not contain such provision; in other words, that the bill signed by the Governor and filed in the Secretary of State's office was not the bill passed by both Houses of the Legislature. Act No. 154, Acts 1919, is the same act as Senate Bill No. 64. The challenged act and Senate Bill No. 64 are exactly alike. It appears, however, from the entries in the Senate journal and indorsements on the original

bill that the following amendment was adopted and ordered engrossed on January 21, 1919, and reported as engrossed on January 23, 1919, to-wit:

"Amend section 6 of Senate Bill No. 64 by adding at the close of section 6, the following: Provided, this act shall not become effective until it is voted on at a special election to be called by the county judge of said county, and receives the votes of the majority of those voting at said special election. And said special election shall be called by the county judge at least thirty days prior to the first day of September, 1919, and notice of said special election shall be published in some newspaper in each district in said county for at least thirty days prior to the date fixed by said county judge for holding said election.

"And provided further, that the expense of holding said election shall be paid out of the general fund of said county, and the judges and clerks who shall hold said election shall be selected by the sheriff, circuit clerk and county judge of said county."

It also appears by an entry in the Senate journal and an indorsement on the original bill that the bill was read the third time and passed on January 24, 1919. It is argued from these entries on the journal and indorsements on the bill that the engrossed bill, incorporating the amendment aforesaid, was the bill that passed the Senate and House, and that the bill in its original form, as approved and signed by the Governor, was not the same bill passed by the two Houses of the Legislature. This conclusion would be true if the Constitution of the State required that every step in the course of the passage of bills or amendments thereto should be recorded in the journals or indorsed on the bills. The Constitution, however, makes no such exacting requirements. *Vinsant* v. *Knox,* 27 Ark. 266; *Chicot County* v. *Davies,* 40 Ark. 200; *Harrington* v. *White,* 131 Ark. 291. This court has adopted the following rule with reference to presumptions in favor of the validity of bills which have been signed by the Governor and deposited in the office of the Secrtary of State:

"An act of the Legislature signed by the Governor and deposited with the Secretary of the State raises the presumption that every requirement was complied with, unless the contrary affirmatively appears from the record of the General Assembly." *Harrington* v. *White*, 131 Ark. 291. In support of the rule thus announced, the court in that case cited *Chicot County* v. *Davies*, 40 Ark. 200; *State* v. *Corbett*, 61 Ark. 226; *State* v. *Bowman*, 90 Ark. 174; *Mechanics Bldg. & Loan Assn.* v. *Coffman*, 110 Ark. 269. It is true that the record in the instant case affirmatively shows that the amendment in question was offered, adopted and ordered engrossed on January 21, 1919, and that on January 23, 1919, the bill was reported "correctly engrossed." The next entry in the journal and indorsement on the bill is that it was read a third time and passed on January 24, 1919. It does not appear affirmatively that the bill, as engrossed, was read a third time and passed. The indorsement appears on the original bill and not on an engrossed bill. After being engrossed, it was within the province and power of the Senate to have ordered the bill placed back on its second reading for amendment and to have receded from the amendment engrossed into the bill, or to have stricken the amendment from the bill, and, should such course have been taken, it would not have been necessary to its validity to have entered these steps, concerning the amendment, on the journal. The silence of the record in this regard would not conflict with the presumption that such course was pursued by the Senate. The silence of a legislative journal on matters not required to be entered on the journal can not conflict with the presumption of the regularity of the passage of a bill. It is only in matters where the journal does speak, or where it is required to speak, that it could conflict with such presumption. In the case of *Harrington* v. *White*, 131 Ark. 291, this court indulged the presumption of the regularity of the passage of a bill where the House and Senate journals were in conflict as to the inclusion of four counties in an exemption clause contained therein. The House

journal recited that the four counties in question were included in the exemption by a Senate amendment. The Senate journal was silent on this point. There was no constitutional requirement that the amendment including the four counties should be entered on the journal, and the court said in this case: ''The mere silence of the journal of the Senate as to the inclusion of certain counties in the amendment to the exemption clause is not sufficient to overcome the presumption of regularity;'' * * * meaning, of course, the presumption of regularity in the passage of the bill growing out of the fact that it had been signed by the Governor and deposited with the Secretary of State. Likewise, this court presumed the regularity of the passage of a bill, on account of it being signed by the Governor and deposited with the Secretary of State, where the journal showed that an amendment had been adopted in the House, which conflicted with the enrolled bill approved by the Governor. The presumption of the regularity of the passage of the bill was indulged on the theory that, before the final passage of the bill, the House receded from its amendment shown by the journal to have been adopted. In so holding, the court called attention to the fact that the Constitution of 1868 did not require amendments to be entered on the journals, and took occasion to say, in reference to journals and journal entries, that: ''While the journals furnish evidence of legislative proceedings, so far as they go, yet courts are not bound to hold that nothing was done except what appears therein. Their silence is conclusive only in those matters which the Constitution requires them affirmatively to show the action taken.'' The journals in the instant case only go so far as to show that the amendment was adopted and engrossed in the bill. It does not affirmatively appear that the engrossed bill passed, or that the Senate did not recede from the amendment. Under the rule announced in the cases referred to, the court must indulge the presumption that the Senate did recede from the amendment and, for that reason, the amendment

adopted in the Senate did not appear in the enrolled bill. As suggested by the Attorney General, the Senate may have discovered, after the amendment was adopted, that, if added to section 6, as provided in the amendment offered and adopted, the whole section would be rendered insensible in meaning. Had the amendment been added at the end of section 6, the first part of the section would then have provided for the bill to go into effect without an election, and the latter part of the section would have provided for it not to go into effect until a majority of the electors in the district had voted in favor of the passage of the bill.

No error appearing, the judgment is affirmed.

SMITH, J., (dissenting). In the brief filed on behalf of the State it is said that the case of *Chicot County* v. *Davies,* 40 Ark. 200, is identical with the instant case and that the act under which appellant was convicted was upheld by the court below, as having been properly passed, upon the authority of the first mentioned case. The majority opinion cites that case and quotes from the case of *Harrington* v. *White,* 131 Ark. 291, and it is evident that the majority has relied upon these two cases as being decisive of the particular point which, according to my opinion, makes the act invalid.

But there is a very important difference between the facts as recited in the case of *Chicot County* v. *Davies* and the instant case. It is true that the House journal in the *Chicot County* v. *Davies* case showed the adoption of the amendment; and it is also true that the bill as approved by the Governor did not include the amendment adopted by the House, and the court, therefore, indulged the presumption in that case that the House had receded from its amendment before passing the bill. That presumption was properly indulged in that case because there was no showing whatever that the bill had been engrossed so as to include the amendment before it was placed on its final passage. The bill there was a House bill and it was, therefore, subject to engrossment in the

House—it having originated there. Not having been engrossed, it was proper in that case to indulge the presumption that the House had receded from its amendment (otherwise it would have engrossed the bill), and that the bill transmitted to the Senate was the bill as passed by the House.

That presumption cannot be indulged here for the reason that every record offered in evidence, including the journal of the Senate, shows that the bill was engrossed. We judicially know what it means to engross a bill; we judicially know that in both the House and the Senate there is a standing and privileged committee whose duty it is to see that bills originating in the respective houses, and amended therein, are engrossed before being placed upon their final passage. It is the business of these committees to see that these amendments are properly fitted into the bills which they amend so that when placed upon third reading and final passage the bills may read as amended. It is the business of the committees, not only to discharge this duty, but to report to their respective houses when they have done so, to the end that it may be known that the bill is ready for its final reading. And the engrossing committees are privileged committees because it is provided by the rules that "they shall have leave to sit and report at any time."

That duty was discharged here and a formal report to that effect was made, and this report meant, and was intended to mean, and could only mean, that the bill was ready for its third and final reading and when so read would include the amendment which had been adopted. This report showing the engrossment of the bill was made on January 23, and on January 24 the bill was read the third time and passed.

Of course, it is, and must be, the law that all presumptions are to be indulged in favor of the validity of an enrolled bill which the Governor has signed; but these presumptions can not overcome affirmative, undisputed, uncontradicted official records which appear to have been properly made and kept and which show that the bill

approved by the Governor is not the bill passed by the Legislature.

In my opinion the case of *Harrington* v. *White*, *supra*, gives no support to the majority opinion, but, upon the contrary, supports the views here expressed. There a conflict between the journals of the two houses appeared; but the opinion in that case recites the facts to be that the amendments were engrossed into the bill in the House, that being the body in which the bill originated, and that the bill as enrolled and approved by the Governor was identical with the bill as engrossed by the House engrossing committee. In this case of *Harrington* v. *White, supra,* the bill had been engrossed by the House engrossing committee; while in the instant case the bill had been engrossed by the Senate committee, the bill being engrossed in each instance by the engrossing committee of the house in which it had originated. We, therefore, indulged the presumption in the case of *Harrington* v. *White,* that the House engrossing committee had properly discharged its duty in the engrossment of the bill; but in the instant case we do not have to presume that the engrossing committee did its duty. We have an affirmative, uncontradicted recital of the Senate journal to that effect, and if we are to give faith and credit to records, which note every step taken in the enactment of this bill into a law, it must appear that the bill approved by the Governor is not the one passed by the Legislature.

The *ad hominem* argument is made that the bill approved by the Governor is more sensible and less contradictory than the engrossed bill would have been. But no such test should be applied for the purpose of overcoming the recitals of unambiguous, uncontradicted official records. And in my opinion this is especially true when we take into account the notorious laxity of the Legislature in passing local bills, and we should not tear down the safeguards of the law thrown around legislation of that character.

I dissent, therefore, from the finding of the majority that the act under which appellant was convicted was properly passed.