CONNOR *v.* BLACKWOOD.

Opinion delivered January 30, 1928.

1. BRIDGES—AUTHORITY OF HIGHWAY COMMISSIONER TO BUILD TOLL BRIDGE.—Where the county court had located a public highway, Acts 1927, c. 104, authorizing the State Highway Commission to construct and operate toll bridges on State highways and to issue bonds for payment, was not invalid within Const., art. 7, § 28, giving the county court exclusive jurisdiction of bridges in the county, since no burden was placed on the county for construction or maintenance of the bridge.

2. COURTS—OBITER DECISION.—A question considered, but which was not before the court, and was unnecessary to the decision of the case, is not binding as authority.

3. HIGHWAYS—JURISDICTION OF COUNTY COURTS.—Const., art. 7, § 28, providing that the county court shall have original exclusive jurisdiction in all matters relating to county roads and bridges, does not apply to State highways.

4. STATUTES—REFERENCE TO OTHER STATUTES BY TITLE.—Acts 1927, c. 104, authorizing the State Highway Commission to construct and operate toll bridges on State highways, which, in §§ 2 and 12, extended the provisions of certain sections of other

acts by reference to their title only, *held* not in violation of Const., art. 5, § 23, prohibiting the extension of provisions of other acts by reference to their title only.

5. CONSTITUTIONAL LAW—TAKING OF PROPERTY WITHOUT COMPENSATION.—A taxpayer seeking to enjoin the State Highway Commission from building a bridge as authorized by Acts 1927, c. 104, on the ground that the act provided for the taking of property for public use without compensation, in violation of the Const., art. 1, § 22, *held* not in position to complain, where he did not claim that his land was about to be taken.

6. STATES—BONDS FOR CONSTRUCTION OF BRIDGE.—Acts 1927, p. 282, authorizing the State Highway Commission to issue bonds for the construction of bridge on State highway, *held* not contrary to Const., art. 16, § 1, providing that the State shall not lend its credit for any purpose.

7. STATUTES—PRESUMPTION AS TO ENROLLED STATUTE.—Where a statute is enrolled, signed by the Governor, and deposited with the Secretary of State, it will be presumed that it was validly enacted under Const., art. 5, § 22, unless the contrary affirmatively appears from the records of the General Assembly.

Appeal from Pulaski Chancery Court; *Frank H. Dodge,* Chancellor; affirmed.

*E. B. Dillon,* for appellant.

*Coleman & Riddick,* for appellee.

McHANEY, J. Appellant, a citizen and taxpayer, seeks to enjoin the State Highway Commission from building "a toll bridge *on the State Highway* across White River, at or near Augusta, in Woodruff County." This action challenges the constitutionality of act 104 of the Acts of 1927, which authorizes the State Highway Commission "to construct and operate toll bridges on the State Highway system, and to fix the rates and collect the tolls thereon." It is claimed that §§ 1, 3 and 6 of said act are unconstitutional and, for that reason, are void. These sections are as follows:

"Section 1. The State Highway Commission is hereby authorized to construct and operate toll bridges on the State Highway system and to fix the rates and collect the tolls thereon. When the cost of construction has been realized from the tolls, and the bonds issued on any bridge, with interest, are paid in full, and all sums advanced or loaned by the State Highway Commission

are repaid, no further tolls shall be collected, and the use of the bridge thereafter shall be free.''

''Section 3. The Commission may acquire the land necessary for approaches to bridges by gift or purchase, or by condemnation in the manner provided by law for condemning rights-of-way by railroad companies in this State, but without the necessity of making a deposit of money before entering into the possession of the property condemned. The cost and expense of acquiring such land and the expense of constructing approaches shall be considered a part of the cost of constructing the bridges.''

''Section 6. Before issuing bonds for a toll bridge the Commission shall fix the rates of toll to be collected on such bridge. The Commission may, from time to time, raise or lower the rates, but it shall always maintain rates that will produce sufficient revenues to pay the bonds and interest as they mature and become due, and keep the bridge and its approaches in good repair.''

It is further alleged in the complaint that the act is unconstitutional, for two reasons:

1. That it offends against § 28 of article 7, which reads as follows: ''The county courts shall have exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, ferries, paupers, bastardy, vagrants, the apprenticeship of minors, the disbursement of money for county purposes; and in every other case that may be necessary to the internal improvement and local concerns of the respective counties. The county court shall be held by one judge, except in cases otherwise herein provided.''

2. That it offends against § 1 of article 16, which reads as follows: ''Neither the State nor any city, county, town or other municipality in this State shall ever loan its credit for any purpose whatever; nor shall any county, city, town or municipality ever issue any interest-bearing evidences of indebtedness, except such bonds as may be authorized by law to provide for and secure the payment of the present existing indebtedness,

and the State shall never issue any interest-bearing treasury warrants or scrip.''

A third ground of complaint made against the validity of the act is that it was not read at length on three different days in each house of the General Assembly, nor were the rules suspended by a two-thirds vote of each house, nor was a vote taken by ayes and nays and the names of the persons voting for and against the same entered on the journal, as provided by § 22 of article 5 of the Constitution.

To the complaint alleging these infirmities in the act, a demurrer was interposed and sustained, and, on appellant's refusal to plead further, his complaint was dismissed for want of equity. From this judgment this appeal is prosecuted.

1. The first contention, that the act is void in that it offends against article 7, § 28, Constitution 1874, for the reason that it deprives the county courts of their exclusive original jurisdiction over roads and bridges, cannot be sustained, as this court has quite recently held to the contrary in *Fulton Ferry & Bridge Co.* v. *Blackwood,* 173 Ark. 645, 293 S. W. 2. It was there held that, since the bridge was to be built on an existing highway laid out by the county court, its jurisdiction had been exercised, and was not invaded by the act of the Legislature authorizing the State Highway Commission to build a bridge thereon. So here, the complaint alleges that the bridge is to be built "on a State Highway," and, when constructed, will be a part of the State Highway. The act in question authorizes the Commission to build it by issuing bonds for its cost, and to charge and collect tolls to repay the bonds, and that, when the bonds have been paid and all sums advanced from the highway fund repaid, it shall be toll-free. It is not contemplated that there shall be any tax on the general public, either for construction or maintenance, and no burden is placed on the county, either for construction, maintenance or supervision. These were substantially the facts in *Fulton Ferry & Bridge Co.* v. *Blackwood, supra,* and we there

held that the jurisdiction of the county court was not invaded.

Moreover, a majority of the court is of the opinion that article 7, § 28, of the Constitution has no application to a State Highway; that the word "county" as used in this section is used in its adjective sense, and therefore modifies the nouns "taxes," "roads," "bridges," "ferries," etc. And that the "original exclusive jurisdiction" conferred on the county courts related solely to county taxes, county roads, county bridges, county ferries, etc; and this idea is strengthened by the concluding sentence of this section, "and in every other case that may be necessary to the *internal* improvement and *local concerns* of the respective counties." Nobody would ever contend that the county courts had anything to do with State taxes. They were given jurisdiction over county taxes. If the word "county" modifies the words "roads," "bridges," and "ferries," as we think is necessarily true, then it follows, as a matter of course, that the exclusive original jurisdiction of the county courts extends only to county roads and county bridges, and that they do not have *exclusive* original jurisdiction over State roads and State bridges.

We do not think the framers of the Constitution had in mind any such stupendous advancement in methods of locomotion and means of transportation as exists today. They did not get a vision of the future of their State, with its citizens traveling entirely across the State over a great State Highway, a distance of three or four hundred miles, in ten or twelve hours. Then, with the means at hand, 50 miles was a hard day's journey. Even so, they did not, in framing the Constitution, deny the right, power and authority of the State to lay out, construct, repair and maintain State highways, and necessarily bridges or ferries thereon. As we said in *Bush* v. *Martineau,* 174 Ark. 214, 295 S. W. 9, "the Constitution of this State is not a grant of enumerated powers to the Legislature, not an enabling, but a restraining act, and that the Legislature may rightfully exercise its powers, sub-

ject only to the limitations and restrictions of the Constitution of the United States and the State of Arkansas." We there quoted from *McClure* v. *Topf & Wright*, 112 Ark. 342, 166 S. W. 174, as follows: "It is not to be doubted that the Legislature has the power to make the written laws of the State, unless it is expressly, or by necessary implication, prohibited from so doing by the Constitution, and the act assailed must be plainly at variance with the Constitution before the court will so declare it." See authorities cited in *Bush* v. *Martineau*, *supra*.

The cases cited by counsel for appellant and *amici curiae* were cases which came before this court before the State had entered upon such a comprehensive road program, comprising a complete system of State highways throughout the entire State, and the acts of the Legislature of 1927, including the act now under consideration, and act No. 11, commonly referred to as the Martineau Road Law, were not before this court. For instance, take the case of *Bonds* v. *Wilson*, 171 Ark. 328, 284 S. W. 24, where the court said: "The question of the authority of the State Highway Commission to lay out and establish public roads is not involved in this case. The Legislature has not attempted to confer such authority upon the State Highway Commission, and could not do so, for that would constitute an invasion of the constitutional jurisdiction of the county court." It will be noticed that the court proceeded to decide a question which it states is not before the court. Therefore the conclusion reached was not necessary to a decision of the case, and is *obiter*. Since the State has adopted the policy, as specifically declared in act No. 11 of 1927, § 1, "to take over, construct, repair, maintain and control all the public roads in the State comprising the State highways," and since, as we have seen, § 28 of art. 7 of the Constitution does not, either expressly or by necessary implication, prohibit it from so doing, we conclude that appellant's first contention must be overruled.

Appellant raises certain questions on this appeal that were not raised by the pleadings in the court below;

first, that §§ 2 and 12 of the act under consideration attempt to extend the provisions of certain sections of other acts by reference to their title only, in violation of §. 23, art. 5; and second, that the act provides for the taking of private property for public use without just compensation, in violation of § 22, art. 1, of the Constitution. We have examined the argument made, and find it without merit. Appellant does not claim that his land is about to be taken, and is in no position to complain. See *Harrington* v. *White,* 131 Ark. 291, 199 S. W. 92, on the first matter.

2. It is next urged that the act offends against § 1, art. 16, of the Constitution, because the Highway Commission is authorized to borrow money and issue bonds to construct bridges. This question has been definitely settled against appellant, with no room for controversy, by many decisions of this court, the latest being *Bush* v. *Martineau, supra,* and the cases cited therein. It would serve no useful purpose to quote from them again, or to repeat the reasoning there set out. Suffice it to say that this act does not offend against the Constitution in this regard.

3. It is finally claimed that this act was not passed in accordance with § 22, art. 5, of the Constitution, already mentioned. We cannot sustain this contention. In *Bush* v. *Martineau* we quoted from *Road Improvement Dist.* v. *Sale,* 154 Ark. 551, 243 S. W. 825, as follows:

"The rule is firmly established in this State that an enrolled statute signed by the Governor and deposited with the Secretary of State raises the presumption that every requirement was complied with, unless the contrary affirmatively appears from the records of the General Assembly, and that this presumption is conclusive unless the records, of which the court can take judicial knowledge, show to the contrary."

Also we have examined the journal entries, and find the constitutional requirement complied with.

No error appearing, the decree is affirmed.

HART, C. J., concurs in the judgment.