BROWN *v.* THE ARKANSAS CENTENNIAL COMMISSION.

4-4796

Opinion delivered July 12, 1937.

D. D. *Panich,* for appellant.

*Jack Holt,* Attorney General, *T. Haddon Humphreys, Jr.,* Assistant, *House, Moses & Holmes* and *H. B. Solmson, Jr.,* for appellees.

McHANEY, J. Appellant, a citizen and taxpayer, brought this action against the appellees to enjoin them from issuing approximately $300,000 in bonds, under the authority of act 180 of the Acts of 1935, for the purpose of obtaining funds to purchase, construct and equip recreational areas, such areas ''to consist of tourists' information bureaus, lodging houses for tourists, concessions, swimming pools, and like recreational facilities,'' and to be located at Mena, Arkadelphia and various other towns and places in this state. Said bonds are to be sold to an agency of the Federal Government, and a grant of funds from such agency is also contemplated. It is proposed to lease the concessions and other facilities of said recreational centers and from the income thus obtained retire the bonds issued. In addition to the above matters, the complaint charged that said act 180 of 1935 is unconstitutional and void, but, if not so, then it was repealed by act 170 of 1937. To this complaint a demurrer was interposed by appellees and sustained by the court, and, upon appellant's declination to further plead, it was dismissed as being without equity.

Both points are presented on this appeal. It is first insisted that act 170 of 1937 repeals act 180 of 1935. It is conceded that there is no express repeal, but it is insisted that the prior act is repealed by the later by implication. No principle of statutory construction is better settled in this state than that the repeal of statutes by implication is not favored. In the recent case of *McDonald* v. *Wasson,* 188 Ark. 782, 67 S. W. (2d) 722, we quoted the following from 59 C. J. 905: ''The repeal of statutes by implication is not favored. The courts are slow to hold that one statute has repealed another by implication, and they will not make such an adjudication

if they can avoid doing so consistently or on any reasonable hypothesis, or if they can arrive at another result by any construction which is fair and reasonable. Also, the courts will not enlarge the meaning of one act in order to hold that it repeals another by implication, nor will they adopt an interpretation leading to an adjudication of repeal by implication unless it is inevitable, and a very clear and definite reason therefor can be assigned. Furthermore, the courts will not adjudge a statute to have been repealed by implication unless a legislative intention to repeal or supersede the statute plainly and clearly appears. The implication must be clear, necessary and irresistible.'' 59 C. J. 905 *et seq.* See, also, *Louisiana Oil Ref. Co.* v. *Rainwater,* 183 Ark. 482, 37 S. W. (2d) 96; *Boone County Board of Ed.* v. *Taylor,* 185 Ark. 869, 50 S. W. (2d) 241; *Consolidated Indemnity & Ins. Co.* v. *Fischer Lime & Cement Co.,* 187 Ark. 131, 58 S. W. (2d) 928; *Curlin* v. *Watson,* 187 Ark. 685, 61 S. W. (2d) 701; *Rightsell* v. *Carpenter,* 188 Ark. 21, 64 S. W. (2d) 101. All of these cases hold that in order for a later statute to repeal a former by implication there must be such an irreconcilable conflict between the two that they cannot stand together. With these principles in mind, we have carefully examined the two statutes and do not find any conflict in them. The later act creates the Arkansas State Park Commission and defines its power and duties, while the former act creates the Arkansas Centennial Commission and defines its powers and duties. The two have many wholly unrelated powers and duties. We think it unnecessary to set out the two acts and compare them, for to do so would greatly extend this opinion to no purpose. While there are some points of similarity in the two acts, it cannot be said that they are in such irreconcilable conflict they cannot stand together.

It is next contended that said act 180 is unconstitutional in that it is in conflict with § 1 of Art. 16 of our Constitution which provides that the state shall never lend its credit for any purpose whatever. Section 7 (b) of said act 180 of 1935, reads in part as follows: ''All bonds and other evidences of indebtedness issued under this act shall have the quality of negotiable paper, and

shall not be invalid for any irregularity or defect in the proceedings for the issue and sale thereof, and shall be incontestable in the hands of *bona fide* purchasers or holders for value. But under no circumstances shall any bond, note, or other evidence of indebtedness issued under this act, or any other indebtedness created by the Commission, be held or construed as an obligation of the State of Arkansas, nor shall the State under any theory or upon any grounds be liable or responsible therefor. Said bonds and other evidences of indebtedness shall be solely and exclusively the obligations of the Commission in its corporate and representative capacity, and shall be secured by and payable only from such property, securities and revenues as shall be mortgaged or pledged as security for the payment thereof by the Commission.''

It is plainly manifest from this language that the bonds to be issued are not obligations of the State, but ''shall be solely and exclusively the obligations of the Commission in its corporate and representative capacity.'' This language is too plain to be misunderstood and is not open to construction. So the State is not lending its credit and it is not issuing any interest-bearing treasury warrants or scrip, and the provisions of said section of the Constitution are not invaded. *State Military Note Board* v. *Casey,* 185 Ark. 271, 47 S. W. (2d) 23. Even where the State issued its own bonds to borrow money for its own uses and purposes we held there was no violation of this provision of the Constitution. *Bush* v. *Martineau,* 174 Ark. 214, 295 S. W. 9; *Connor* v. *Blackwood,* 176 Ark. 139, 2 S. W. (2d) 44; *Tapley* v. *Futrell,* 187 Ark. 844, 62 S. W. (2d) 32; *Sparling* v. *Refunding Board,* 189 Ark. 189, 71 S. W. (2d) 182.

The decree of the court dismissing appellant's complaint for want of equity is correct and must be affirmed. It is so ordered.