MAYS *v*. PHILLIPS COUNTY.

Opinion delivered May 11, 1925.

1. STATUTES—REPEAL.—When there are two acts on the same subject, the rule is to give effect to both if possible; but if the two are repugnant in any of their provisions, the later act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first, and, even where two acts are not in express terms repugnant, yet if the later act covers the whole subject of the first and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act.

2. STATUTES—IMPLIED REPEAL.—The special act of February 17, 1919, fixing the fee of the sheriff of Phillips County for feeding county prisoners at 50 cents per day was impliedly repealed by the act of February 27, 1919, fixing the fees of sheriffs for feeding and keeping county prisoners at one dollar per day, and exempting certain counties not including Phillips County.

Appeal from Phillips Circuit Court; *E. D. Robertson*, Judge; affirmed.

*P. R. Andrews* and *W. G. Dinning*, for appellant.

*Brewer & Cracraft* and *Mann & Mann*, for appellee.

McCULLOCH, C. J. Appellant was the sheriff of Phillips County, and this appeal involves the question as to the amount of compensation to which he is entitled for feeding prisoners confined in jail.

The General Assembly of 1919 enacted a special statute fixing the fees and emoluments of all the county officers in Phillips County. This act contained an emergency clause, and was approved by the Governor on February 17, 1919. Special Acts 1919, p. 132. The provision of that statute with reference to the sheriff's office fixed the salary of the sheriff and ex-officio collector at the sum of $5,000 per annum and allowing him a certain additional amount for expenses of deputies and clerical assistance, and also contained a provision with reference to feeding prisoners, which reads as follows: "The county court shall provide and pay out of the county treasury the expenses of lighting and heating the county jail, and for bedding of the prisoners, and shall allow the sheriff the actual cost of feeding the prisoners confined in the jail, not to exceed, however, the sum of fifty cents per day for each prisoner; provided, the salary of the jailer shall be included in the cost of feeding the prisoners in this section provided." At the same session a statute was enacted, approved February 27, 1919, fixing the fees of sheriff for feeding and keeping prisoners at the sum of one dollar per day. Acts 1919, p. 127. That statute, omitting the caption, and the second section declaring an emergency and putting the statute

into effect, reads as follows: "Section 1. Hereafter sheriff shall be allowed as fees for feeding and keeping a prisoner confined in the county jail, per day, the sum of one ($1) dollar; provided, the provisions of this act shall not apply to Crawford, Madison, Sebastian, Newton, Greene, Lafayette and St. Francis."

The point of this case is whether or not the last statute repealed the first one. Appellant claims that there was a repeal by implication of the first statute, and that he is entitled to the amount of fees prescribed in the last one. Appellee contends to the contrary. Counsel on both sides present with much care all of the authorities bearing on the subject, and particularly the decisions of this court, which are so numerous and harmonious that it is scarcely worth while to cite them. The principles of law with respect to the interpretation of statutes in determining whether or not there is an implied repeal are elemental. Reference may only be made to a comparatively recent case where the rules of law on this subject are aptly stated. *Sanderson* v. *Williams,* 142 Ark. 91. In that case it was stated that "where there is a plain repugnancy between two acts upon the same subject, the later act repeals the former, or, if the two acts are not in express terms repugnant and the later act covers the whole subject of the first and embraces new provisions, showing that it was intended as a substitute for the first, the last act will stand as the law upon the subject, and the first will be set aside." It has often been announced that repeals by implication are not to be favored, and, in another recent case on this subject, we said: "Repeals by implication are not favored, and, when two statutes covering the whole or any part of the same subject-matter are not absolutely irreconcilable, effect should be given, if possible, to both. It is only where two statutes relating to the same subject are so repugnant to each other that both cannot be enforced that the last one enacted will supersede the former and repeal it by implication." *Martels* v. *Wyss,* 123 Ark. 184.

Now, applying these principles, we do not find that these two statutes cover the same identical subject nor that they are in irreconcilable conflict with each other. Nor can it be said that the last statute takes up the whole subject and covers the subject-matter of the first one. The first statute relates to salaries of all of the county officers of a particular county, and it covers all of the details with reference to the salaries, emoluments and expenses of the office of sheriff. The last statute does not take up the whole subject anew, but it relates to the single subject of compensation for feeding prisoners. The first statute not only fixes the compensation in money of the sheriff for feeding prisoners, but it also requires the county to pay the expense of lighting and heating the jail and for the bedding of the prisoners. If the latter statute can be given any effect at all in its application to the emoluments of the sheriff of Phillips County, it is only to the extent of raising the compensation to one dollar per day instead of the maximum of fifty cents per day, and still leaves the provision requiring the county to furnish the light, heat and bedding. All the fees seem to have been adjusted with care by the first statute, and there is no reason to presume that the Legislature intended to raise the compensation for feeding prisoners above that enjoyed by the same officers in other counties. On the other hand, if we place them on an equality, we would have to indulge the presumption that the Legislature intended to take away by repeal the other requirements placed upon the county with respect to furnishing heat, light and bedding. In this state of the matter we must presume that the Legislature, having taken up the whole subject of salaries in Phillips County, did not intend to impliedly repeal those provisions merely by fixing generally the fees for feeding prisoners. We attach no importance to the fact that the last statute expressly exempts certain other counties. This affords no grounds for interpreting the statute as an express inclusion of all counties not thus exempted in

express terms. If we are indulging in theories and presumptions, it is fair to assume that the Legislature, in passing this statute without expressly repealing the Phillips County special statute, assumed that it was unnecessary to exempt Phillips County, which was within the operation of the special statute and would not be controlled by the last one. The case is, we think, governed by the principles announced in *Bank of Blytheville* v. *State,* 148 Ark. 504. The relation of the two statutes involved in the present case removes the case from control of the recent case of *Massey* v. *State use Prairie County, ante,* p. 174, where the later statute was held to have covered the whole subject embraced in the older statute.

Upon the whole, we are convinced that, under settled principles of interpretation, the last statute should not be held to have repealed the first one, and that the circuit court was correct in its judgment limiting the amount of the sheriff's compensation to the specifications of the special act governing that county.

Affirmed.

WOOD and HART, JJ., dissent on the ground that *Massey* v. *State use Prairie County* governs.

HART, J., (on rehearing). After considering the briefs of counsel on the motion for a rehearing, a majority of the court is of the opinion that a rehearing should be granted. We recognize the general rule that appeals by implication are not favored, but think the case falls within the principles of law decided in *Massey* v. *State, ante p.* 174.

The familiar general rule with regard to implied appeals is clearly stated by Mr. Justice Field in *United States* v. *Tynen,* 11 Wall. (U. S.) p. 88, as follows: "When there are two acts on the same subject, the rule is to give effect to both if possible. But if the two are repugnant in any of their provisions, the latter act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first; and, even where two

acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act.''

The effect of this rule is that the prior statute is impliedly repealed so far as the provisions of the subsequent statute are repugnant to it, or so far as the latter statute is plainly intended as a substitute for it. Now, in the light of these principles, it may be well to set out the object and purposes of the two statutes and their provisions so far as they bear on the case before us.

The Legislature of 1919 passed a special act for the purpose of fixing the fees and salaries of the officers of Phillips County, Ark. The act was approved February 17, 1919. Special Acts of 1919, p. 132.

Section one, which fixes the salary of the various county officers of Phillips County also contains the following: ''The county court shall provide and pay out of the county treasury the expenses of lighting and heating the county jail, and for bedding of the prisoners, and shall allow the sheriff the actual cost of feeding the prisoners confined in the jail, not to exceed however, the sum of fifty cents (50 cents) per day for each prisoner; provided, the salary of the jailer shall be included in the cost of feeding the prisoners in this section provided.''

At the same session, the Legislature passed an act to better regulate the fees allowed sheriffs for furnishing prisoners, and it was approved February 27, 1919. Gen. Acts of 1919, p. 127. Section one of the act reads as follows: ''Hereafter sheriffs shall be allowed as fees for feeding and keeping a prisoner confined in the county jail, per day, the sum of one ($1.00) dollar; provided, the provisions of this act shall not apply to Crawford, Madison, Sebastian, Newton, Greene, Lafayette and St. Francis. ''Sec. 2, provides that all laws and parts of laws in conflict with the act are repealed and contains the emergency clause.'' It will be observed that this act was

passed only ten days later than the first act. The presumption is that the Legislature had in mind the first act, and its provisions with regard to the fees to be allowed the sheriff for feeding and keeping prisoners confined in the county jail.

Under the first act the county court must provide the expense of lighting and heating the county jail and for bedding of the prisoners. It also provides that the sheriff shall be allowed the actual cost of feeding the prisoners not to exceed the sum of fifty cents per day for each prisoner. The second act allows the sheriff for feeding and keeping the prisoners the sum of one dollar per day. It also contains a proviso that the act shall not apply to certain counties which are named. Thus it will be seen that it was the intention of the Legislature that the act should apply to all counties which were not excepted by the proviso. Phillips County was not one of the counties mentioned in the proviso, and we think this indicates an intention on the part of the Legislature that it should come within the provisions of the act. On the subject of keeping the prisoners the acts are repugnant, and in application of the general rule anounced above we think the first act is to this extent repealed by the latter act.

The result of our views is that the circuit court erred in not allowing the sheriff fees under the provisions of the latter act, which is now incorporated in Crawford & Moses' Digest as § 6211.

The judgment will therefore be reversed, and the cause remanded for further proceedings according to law and not inconsistent with this opinion.

McCULLOCH, C. J., and SMITH, J, dissent.