STOBAUGH *v.* COUNTY BOARD OF EDUCATION.

Opinion delivered November 10, 1930.

*Opie Rogers,* for appellant.

*Edward Gordon,* for appellee.

BUTLER, J.   The county board of education of Van Buren County, proceeding under the authority of act No. 144 of the Acts of 1927, without any petition being circulated or filed, gave notice to the residents and patrons of Common School District No. 3 of a proposal to dissolve that district and annex its territory to Formosa Special School District, and of the hearing on such proposal to be held upon a certain day.   This notice was given in the time and manner prescribed by the act, and no question of its sufficiency is here raised.   On the day fixed for hearing a number of residents and patrons of said school district appeared and from an order of the board dissolving District No. 3 and attaching it to the Special School District aforesaid an appeal was taken to the circuit court where on a trial the order of the

county board of education was sustained. The case is here on appeal from that judgment.

Act No. 144, *supra,* as expressed by its title, was "An act to establish a minimum length of school term and for other purposes." Section 1 of that act provides: "The county board of education of any county shall have the discretionary power to dissolve any school district whose length of school term shall not be one hundred twenty days in any school year, or whose average daily attendance does not exceed fifteen pupils, and attach the territory so dissolved to adjacent school district or districts; provided that, if the limit of school tax shall have been levied and the proceeds therefrom together with the available State funds are not sufficient to maintain such a length of school term, and that the children so affected are too isolated to be deprived of school advantages by such dissolution, the county board can abolish only by petition of a majority of the qualified electors."

At the trial on appeal to the circuit court it was shown that a 120 days' term of school had never been had in any school year, and that the last term was only from seventy to ninety days in length taught by one teacher at a salary of $90 per month, and that after the teacher's salary had been paid there remained only $50 in the treasury. The last term of school began in November, 1928, and ended in March, 1929. This proceeding was begun on the 28th day of September following and it was shown that the total revenue for the fiscal year last preceding, from all sources, amounted to $451.93 which might be increased by $27.80 from taxes on lands located in said district, but which were erroneously assessed in other districts; that the district had voted the limit of 18 mills and this tax was included in the total revenue aforesaid. There was no contention that the district was so isolated that with dissolution of said district the children would be deprived of school advantages. On the contrary, the undisputed evidence was to the effect that a graveled pike road led through District

No. 3 into Formosa Special School District, and by its schoolhouse, so that the children could be conveniently transported to and from school after the annexation. Appellant argues that for the proper construction of the act it is necessary to substitute in the proviso clause the conjunction "or" in the place of "and" used by the lawmakers and thus make the proviso read, "provided that if the limit of school tax shall have been levied and the proceeds therefrom together with the available State funds are not sufficient to maintain such a length of school term, *or* that the children so affected are too isolated to be deprived of school advantages by such dissolution, the county board can abolish only by petition of a majority of the qualified electors."

We are unable to appreciate the force of appellant's argument that it is necessary to make the substitution "in order to make sense at all." It is clear to us, stated in simple language, that the Legislature meant that the county board might, if it deemed wise, dissolve any school district which maintained a school term of less than 120 days in any school year or where the average daily attendance did not exceed fifteen pupils, and that this might be done without any petition except where the school district had done all it could to maintain a 120 days' term of school and was unable to do so because of insufficient funds; and, in that case if the children of that district would be deprived of school advantages because of the isolation of the territory if the district should be dissolved, then such district could only be dissolved where a majority of the qualified electors wanted such action taken and petitioned for it. We think the language of the act precise and clear and susceptible of no other reasonable construction. Therefore, as no 120 days' school had been held within the last school year or for any year preceding so far as was known by the witnesses and the children had convenient access to the school after consolidation of the districts, the order of the county board cannot be said to have been an abuse of discretion, and

678

the judgment of the circuit court upholding such order must be affirmed.

It is argued that, as it appears from the evidence that a first grade teacher could be had at a salary which would enable a 120 days' term to be held with the revenue on hand, the county board had no authority to dissolve only by petition. We think this contention cannot be supported by any construction of the act. Moreover, a sufficient answer would be that, although they could have had a 120 days' term, they never did.

The judgment is in all things correct, and it is therefore affirmed.