WALNUT GROVE SCHOOL DISTRICT No. 6 *v.* COUNTY BOARD OF EDUCATION.

4-6770                                         162 S. W. 2d 64

Opinion delivered May 25, 1942.

*Eugene W. Moore, Ben C. Henley* and *J. Smith Henley*, for appellant.

*Shouse & Shouse,* for appellee.

SMITH, J. On October 17, 1941, the Boone County Board of Education, upon its own initiative and against the will of the directors and patrons of Walnut Grove School District No. 6, dissolved that district and annexed its territory to Harrison School District No. 1, and ordered the county treasurer to transfer its funds to Harrison School District No. 1, all pursuant to the provisions of § 1 of act 144 of the Acts of 1927.

This order of the Board of Education reflects the finding, which is not questioned, that "all conditions expressed in said act (144) had previously been carried out in detail. . . . and that the average daily attendance was below 15 during the last five-year period, during last year and during three months taught this year."

It is not questioned that the order of the Board of Education is valid, provided act 144 of the Acts of 1927 is now the law, and the sole question raised on this appeal is whether act 144 was repealed by subsequent legislation.

To reverse the order and judgment of the circuit court upholding the order of the County Board of Education it is insisted that act 144 was repealed by act 169 of the Acts of 1931, but, if not, that act 279 of the Acts of 1941 had that effect.

The chief insistence for the reversal of the judgment here appealed from is that act 169 of the Acts of 1931 repealed act 144 of the Acts of 1927.

Act 144 is entitled, "An act to establish a minimum length of school term, and for other purposes."

This act was considered and construed in the case of *Stobaugh* v. *County Board of Education*, 182 Ark. 675, 32 S. W. 2d 306, and headnotes to that case reflect that it was construed as follows:

"1. Schools and School Districts—Dissolution.— Under Acts 1927, No. 144, § 1, school districts may be dissolved without petition where their term has been less than 120 days in any school year, or where their average daily attendance does not exceed fifteen pupils; provided if the limit of school tax shall have been levied and the proceeds therefrom together with the available school funds are not sufficient to maintain such a length of school term and the children affected are so isolated that they will be deprived of school advantages by such dissolution, the county board can abolish only by a petition of a majority of the qualified voters.

"2. Schools and School Districts—Dissolution.— The county board may, without a petition, dissolve a school district which has not been having school for one hundred and twenty days in any school year and where the children affected had convenient access to school after consolidation of the districts."

This opinion was delivered prior to the passage of act 169 of the Acts of 1931, and as has been said the insistence is that act 169 repealed act 144, and that, therefore, the Stobaugh case is without effect and the act which it construed conferred no authority on the county board of education.

It is conceded that act 169 did not expressly repeal act 144, but the insistence is that act 169 was a codification of the school laws, which invalidated all school laws not included in it. It is also urged that §§ 34 and 44 of act 169 so directly conflict with act 144 that the repeal of the latter by implication necessarily follows. Counsel quotes from the case of *Standley* v. *County Board of Ed-*

*ucation,* 170 Ark. 1, 277 S. W. 559, as follows: "In the case of *Mays* v. *Phillips County,* 168 Ark. 829, 274 S. W. 5, 279 S. W. 366, we said: 'When there are two acts on the same subject, the rule is to give effect to both if possible. But, if the two are repugnant in any of their provisions, the latter act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first; and, even where two acts are not in express terms repugnant, yet if the latter covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first, it will operate as a repeal of that act.' "

The case from which we have just quoted cites a number of our own cases to the same effect; and we do not intend to impair this rule, which has been reaffirmed in later cases.

Sections 34 and 44 of act 169 of 1931 read as follows:

"Section 34. The county board of education shall have power to form school districts, change boundary lines thereof, transfer children from one district to another, dissolve school districts where the best interests of the school children justify it, and annex the territory of such dissolved district to another district or districts, and transfer funds from one school district to another, all in the manner and under the conditions provided in this act, and shall appoint all school directors in all school districts where the authority to do so has heretofore been conferred on any county judge of any county.

"Section 44. The several county boards of education shall have full power and exclusive right within their respective counties to form new school districts, dissolve existing school districts, add territory to or take territory from one or more districts and add it to other districts, or form it into a new district, consolidate school districts into another and new district, change the boundary lines of school districts, and do any and all matters and things pertaining to the creation, formation, consolidation, dissolution, and changing boundary lines of the school districts of their counties on the consent of a majority of the electors in each school district affected

as shown by petitions or elections as herein provided. No existing district shall be included in a new district under the provisions of this section unless a majority of the qualified electors of the district to be included, sign the petition, or, in case of an election, a majority of the voters in the election in the district, on the question shall favor it; provided, that said boards may, in their discretion, take a portion of one district and add it to another upon the petition of a majority of the qualified electors residing in such district from which the same is taken, leaving the remainder of such district intact as a school district; provided that territory not contiguous may be included in any district and a district or districts not adjoining may be added to or consolidated with another district or districts.''

The insistence is that these two sections so completely cover the field that no circumstance is left in which act 144 may be operative.

The State Board of Education has not and does not so construe the legislation; the position of that department is that there has been and yet remains a field for the operation of act 144. The records of this department show that for the school year 1940-1941, 100 school districts enumerated less than 15 pupils; that 576 districts had an average daily attendance of 15 or less pupils; that 35 districts had an average daily attendance of from one to five; that 191 districts had an average daily attendance of from six to nine; and that 350 districts had an average daily attendance of from 11 to 15.

The position of the State Department of Education has been, and is, that act 169 applies to all districts at all times; whereas act 144 applies only to districts falling within its special provisions and which cannot or will not, through its electors, annex to another district for the benefit of its school children.

This administrative interpretation of the legislation is not, of course, conclusive; but it is not to be disregarded. At § 219 of Crawford's Interpretation of Laws it is said that ''As a general rule executive and administrative officers will be called upon to interpret certain stat-

utes long before the courts may have an occasion to construe them. Inasmuch as the interpretation of statutes is a judicial function, naturally the construction placed upon a statute by an executive or administrative official will not be binding upon the court. Yet where a certain contemporaneous construction has been placed upon an ambiguous statute by the executive or administrative officers, who are charged with executing the statute, and especially if such construction has been observed and acted upon for a long period of time, and generally or uniformly acquiesced in, it will not be disregarded by the courts, except for the most satisfactory, cogent or impelling reasons. In other words, the administrative construction generally should be clearly wrong before it is overturned. Such a construction, commonly referred to as practical construction, although not controlling, is nevertheless entitled to considerable weight. It is highly persuasive.'' Among the numerous cases cited in support of this statement of the law is our own case of *Moore v. Tillman,* 170 Ark. 895, 282 S. W. 9.

It is a very close question whether act 169 repeals act 144; but we must keep in mind the strong presumption of law that repeals by implication are not favored. This presumption is reenforced by the following facts: section 196 of act 169 specifically repeals a large number of sections of Crawford & Moses' Digest, the digest then current. It repeals eight sections of Kirby's Digest, and then repeals nineteen acts passed at various sessions, seven of which were passed at the 1927 session of the General Assembly. Among the Acts of 1927 thus repealed is act 143, which fronts the page on which act 144 appears. Act 144 could hardly have been overlooked if the General Assembly had intended to repeal it also.

It was said in the case of *Pace v. State, use Saline County,* 189 Ark. 1104, 76 S. W. 2d 294, that ''Where a statute expressly repeals specific acts there is a presumption that it was not intended to repeal others not specified. In such cases there is an implied approval of the statutes not specified as well as of an intention to leave them undisturbed.'' We conclude, therefore, that act 169 did not repeal act 144.

Was act 144 repealed by act 279 of the acts of 1941? This latter act, exclusive of its emergency clause, reads as follows: "Section 1. Hereafter no school district shall be consolidated with any other district or merged into a new district without consent of its electors, such consent to be ascertained in a manner now provided by law. This act shall apply whether or not the territory concerned in such consolidation or merger lies wholly within one county or whether it is in different counties; Provided, this act shall not affect any suit with reference to consolidation, merger or formation of new school districts, where an appeal is now pending in any of the courts of this state."

This act 279 very clearly forbids the consolidation of any district with any other district or its merger into a new district without the consent of its electors, which consent shall be ascertained in a manner now provided by law, and act 169, supra, provides how this may be done, a procedure not necessary here to recite.

But the primary and express purpose of act 144 is to dissolve any school district whose length of school term shall not be 120 days in any school year, or whose average daily attendance does not exceed 15 pupils. Act 279 does not profess to deprive the county board of education of this power. The board still has that power, and where, in the exercise of this power, a district has been dissolved, it ceases to exist. It is no longer a district. Act 279 applies to school districts that are *in esse*—to districts that are functioning. Such districts may not be consolidated or merged into a new district without the consent of its electors. Act 279 has no application to the territory of a district which has been dissolved and has ceased to exist. As to such territory the provisions of act 144 remain applicable, and under the provisions of that act the county board of education may "attach the territory so dissolved to adjacent school district or districts," with a proviso not applicable here.

It is true the action of the county board of education here questioned is reflected in a single order; but we perceive no reason why there should have been separate

orders, one dissolving the district and another attaching the territory of the dissolved district to another district. This was the action of the county board of education, although its action is reflected in a single order. Appellant district was first dissolved; thereafter its territory was attached to another district. Act 144 authorized this action, and act 279 does not inhibit that action, for the reason that its provisions apply only to districts whose identity and existence have not been destroyed by dissolution.

It follows, therefore, that the action of the circuit court, in upholding the orders of the county board of education, must be affirmed, and it is so ordered.