McCAIN, COMMISSIONER OF LABOR, *v.* FARMERS ELECTRIC
COOPERATIVE CORPORATION.

4-7114                                                          172 S. W. 2d 933

Opinion delivered July 5, 1943.

*Luke J. Arnett,* for appellant.

*Kaneaster Hodges,* for appellee.

HOLT, J.   W. J. McCain, Commissioner of Labor for
Arkansas, through Roland M. Shelton, Director of the
Employment Security Division of the Department of
Labor, by appropriate proceedings, sought to collect from
appellee, "Farmers Electric Cooperative Corporation,"
assessments made against it for employment contribu-
tions, alleged to be due under Act 391 of 1941. Appellee
resisted payment on the ground that it was organized
under Act 342 of 1937, and that under this act and Act 414
of 1941, an amendment to Act 342, it is exempt from pay-
ment of the contributions sought to be collected.

From a decree of the trial court sustaining appellee's
contention comes this appeal.

Appellants say "the only question necessary to be
determined is whether Act 414 of 1941 exempted the
appellee from the payment of contributions due under
said Act 391."

The parties here correctly refer to the contributions sought to be collected, as an excise tax. See *Buckstaff Bath House Co.* v. *McKinley, Commissioner,* 198 Ark. 91, 127 S. W. 2d 802.

Act 391 requires contributions by employers generally for unemployment compensation. It specifically repeals Act 155 of 1937 which related to and provided for "unemployment compensation, stabilization of employment and contributions by employees; etc.," and also Act 200 of 1939, which was amendatory of Act 155.

Appellants rely on § 7 (a) (1) of Act 391 as authority for collection of the tax against appellee. That section is as follows: "Contributions shall accrue and become payable by each employer for each calendar year in which he is subject to this Act, with respect to wages for employment." Act 342 of 1937, under which appellee was organized, is "An Act relating to cooperative, non-profit, membership corporations organized to engage in rural electrification," and § 30 of this Act provides: "Corporations formed hereunder shall pay annually, on or before July first, to the Secretary of State, a fee of $10 for each 100 members or fraction thereof, but shall be exempt from all other excise taxes of whatsoever kind or nature, except as provided in this Act."

At the same session of the Legislature of 1941, at which Act 391 was passed, Act 414 was enacted amending § 30 of Act 342 of 1937, and is as follows: "Corporations formed hereunder shall pay annually, on or before July first, to the Secretary of State, a fee of $10 for each 100 members or fraction thereof, but shall be exempt from all other excise taxes of whatsoever kind or nature, except as provided in this Act. And further, shall be exempt from payment of assessments in any general or special taxing district levied on the electric transmission, or distribution lines or rights-of-way easements of such corporations."

Appellants argue that Act 391 impliedly repealed Act 414, and that appellee must contribute under Act 391. We do not think so. As has been noted, both acts were

passed at the 1941 session of the Legislature, and the record of their passage, as stipulted by counsel, is as follows:

"No. of Act            Act 391        Act 414
Date Introduced ........Feb. 6, 1941    Feb. 11, 1941
Final Passage ............March 11, 1941   March 7, 1941
Signed by Governor March 27, 1941   March 28, 1941
Date Act in Force.......July 1, 1941      June 11, 1941."

On the record presented we are clearly of the view that it was the intention of the lawmakers to exempt, and that they did exempt, appellee from payment of the contributions, or tax, in question, and that Act 391 did not repeal Act 414. Certainly there is no specific repeal of Act 414 to be found in Act 391, and we think none is implied; nor do we find that the two acts are in any way conflicting. Both acts were enacted at the same legislative session. The general, well-established rule is that the repeal of statutes by implication is not favored. In *Brown* v. *The Arkansas Centennial Commission*, 194 Ark. 479, 107 S. W. 2d 537, this court said: "No principle of statutory construction is better settled in this state than that the repeal of statutes by implication is not favored. In the recent case of *McDonald* v. *Wasson*, 188 Ark. 782, 67 S. W. 2d 722, we quoted the following from 59 C. J. 905: 'The repeal of statutes by implication is not favored. The courts are slow to hold that one statute has repealed another by implication, and they will not make such adjudication if they can avoid doing so consistently or on any reasonable hypothesis, or if they can arrive at another result by any construction which is fair and reasonable. Also, the courts will not enlarge the meaning of one act in order to hold that it repeals another by implication, nor will they adopt an interpretation leading to an adjudication of repeal by implication unless it is inevitable, and a very clear and definite reason therefor can be assigned. Furthermore, the courts will not adjudge a statute to have been repealed by implication unless a legislative intention to repeal or supersede the statute plainly and clearly appears. The implication must be clear, necessary and irresistible.' 59 C. J. 905 *et seq*. See, also, *Louisiana Oil Ref. Co.* v. *Rainwater*, 183 Ark. 482, 37 S. W. 2d 96; *Boone County Board of Ed.* v.

*Taylor*, 185 Ark. 869, 50 S. W. 2d 241; *Consolidated In-demnity & Ins. Co.* v. *Fischer Lime & Cement Co.*, 187 Ark. 131, 58 S. W. 2d 928; *Curlin* v. *Watson*, 187 Ark. 685, 61 S. W. 2d 701; *Rightsell* v. *Carpenter*, 188 Ark. 21, 64 S. W. 2d 101. All of these cases hold that in order for a later statute to repeal a former by implication there must be such an irreconcilable conflict between the two that they cannot stand together," and in *Merchants' Transfer & Warehouse Company* v. *Gates*, 180 Ark. 96, 21 S. W. 2d 406, it is said: 'Another cardinal rule of construction is that, where two acts were under consideration by the Legislature at the same time, and were passed at the same session, this strengthens the presumption that there was no intention to repeal one by the other. *Mays* v. *Phillips County*, 168 Ark. 829, 275 S. W. 5, 279 S. W. 366, and *Standley* v. *County Board of Education*, 170 Ark. 1, 277 S. W. 550'."

The textwriter, in 25 R. C. L., § 180, p. 930, says: "The presumption against implied repeals is especially strong where provisions supposed to conflict were passed at nearly the same time; for, the presumption rests on the improbability of a change of intention, or, if such change occurred, on the probability that the legislature would have expressed it in a different act, with an express repeal of the first. Effect should be given, if possible, to statutes in *pari materia*, enacted at the same legislative session, and where two acts relating to the same subject were under consideration and enacted at the same session of the legislature, the courts, it has been said, will exhaust all the resources of interpretation before coming to the conclusion that there is an irreconcilable repugnancy between them and that one repeals the other. Acts passed at the same legislative session are construed as one act on the same subject. And, instead of holding such acts repugnant, the courts will give effect to both, although in order to do so it becomes necessary to engraft one on the other, or incorporate the earlier into the later act, as an exception to its provisions." And in 59 C. J., § 533, p. 928, we find this language: "The principle that a repeal by implication is not favored by

law is especially applicable as 'between two statutes passed at the same session of the legislature.''

It will be observed that Act 414 re-enacts § 30 of Act 342 and adds an additional sentence which broadens its effect. In plain terms, it exempts appellee and similar cooperatives from the excise tax sought to be imposed here.

The fact that Act 414 was introduced after the introduction of 391, and Act 414 was signed by the Governor subsequent to the date on which he signed Act 391, strengthens the presumption that there was no intention to repeal one by the other.

Finding no error, the decree is affirmed.