LOCAL NO. 34, INTERNATIONAL
ASSOCIATION of FIRE FIGHTERS et al *v.*
CITY of LITTLE ROCK

73-261                                   506 S.W. 2d 836

Opinion delivered March 25, 1974

*R. W. Laster, Thorp Thomas* and *J. H. Cottrell,* for appellants.

*Joseph C. Kemp,* for appellee.

CARLETON HARRIS, Chief Justice. Appellant union, and three individuals, in a class action, representing firemen of the City of Little Rock, including retired firemen, instituted suit in the Pulaski County Circuit Court, asserting that under the provisions of Ark. Stat. Ann. § 19-2108—09 (Repl. 1968) (Act 132 of 1955, as amended by Act 264 of 1957), they were entitled to thirteen paid holidays a year and that the City of Little Rock had failed and refused to give such additional pay, or in the alternative, to allow the firemen an additional thirteen days paid vacation per year. It was prayed that their rights be determined and that the court appoint a special master for the purpose of taking proof to establish the amount due individual members and retired members of the Little Rock Fire Department; that judgment be awarded based upon the findings of the master. The City answered denying

that it had failed to pay appellants, and in an amended answer, the statute of limitations was pleaded. Following the trial, the court found that appellants had failed to establish their case by a preponderance of the evidence; further, that appellants had throughout the years acquiesced in the position taken by the City, and the complaint was dismissed. From the judgment so entered, appellants bring this appeal. For reversal, it is alleged that the court erred in these two rulings.

William Glen Roberts testified that he had served as a fireman for the City of Little Rock for a continuous period of nineteen years, and he said that since 1955 he had not been paid additionally for the thirteen legal holidays; i.e., he had not received any paid vacation time other than his regular vacation. Roberts stated that his statement of earnings appearing on each check had no reference to pay for legal holidays; that he was aware of the enactment of legislation in 1955 granting thirteen days pay for holidays, but he was not familiar with any action taken by any fireman to enforce provisions of the act. He said that the act had "been negotiated ever since it was passed", though he could not name any of the negotiators. He further stated that there had been no reduction in his pay and he had received increases over the years.

Gerald G. Melton, a fireman for the City for almost twenty-two years, also stated that he was familiar with the passage of the act heretofore referred to, and further testified that in 1957, he received the thirteen holidays and pay therefor, which was in addition to his regular vacation, but since that time he had not received additional pay for the holidays. He said that since 1957 he had requested additional time off but had been refused. Melton testified that in 1955, the pay for firemen was cut as a matter of compensating for the legal holidays and then in the same meeting, and under the same ordinance, increased back to the identical figure but including pay for the holidays.[1] He said that some members of the Little Rock Fire Department (apparently administrative personnel) do have time off for the legal holidays, but that line personnel (the firefighters) do not because of the nature of their duties, meaning that the only method by

---

[1]This occurrence is not disputed by the city.

which they can be compensated is by drawing the additional pay. He mentioned that he had drawn an additional check for longevity pay.

Chief Jack Davis, employed by the department for something over thirty years, and who has served as chief for over nine years, testified that in preparing the budget, he did not break down equalization pay for the holidays for any fireman. He said, that in budget preparation he included operating, maintenance and capital expense, and recommended what was needed in the way of pay for the line firemen; further, that inspectors have time off for holidays but this actually is only compensatory because these men are used a lot at nights. The Chief stated that the budget he prepared was for informational purposes only and he had nothing to do with actually establishing the budget used. He testified that the hours of the firemen since 1955 had been reduced from time to time; that stated pay has been received by the firemen, and in preparing his budget for the salaries, the thirteen days holidays had been included.

Jack Murphy, Director of Finance for the City of Little Rock since 1960, testified that he was familiar with the Fire Department budget and that there was not, *per se,* a specific item setting out equalization pay for each fireman for legal holidays; that the City only showed a line item for total compensation. He called attention to a City Ordinance, 12,572, Defendant's Exhibit 2 in the record, Section 5 reading as follows:

"The appropriations made herein include additional pay for holidays for all agents, servants and employees of the City of Little Rock, including but not limited to uniformed employees, as provided for by the laws of the State of Arkansas."

He said that this language had been incorporated in all budgets as far back as 1963 with the exception of one year, and this testimony is not disputed.

John T. Meriweather, City Manager of Little Rock since January of 1969, testified that the legislative acts were considered in preparing the budget and "rather than break it out

separately we attempted through the development of a pay plan to give consideration to the fact that these men are required to work on holidays delineated by the state as holidays and the pay for these holidays would be established and spread out on a pro-rated basis across all of the mechanics of the department." He said that since his tenure of office had commenced, no fireman or group had discussed the issue with him.

In its Memorandum Opinion, the court called attention to the fact that the burden of proof was upon appellants to establish their case, the court recognizing that it was difficult to show by a preponderance of the evidence that they had not received compensation in accordance with the provisions of the state statutes, earlier mentioned. The trial judge commented that the strongest point on their behalf was that the "Statement of Earnings", which each man received, made no mention of "Holiday Pay". The court then commented that the law presumes that public officials will discharge their duties according to moral and legal obligations, and the clause appearing in each budget ordinance since 1963 (with one exception) had contained the provision that the appropriation for salaries included additional pay for holidays as provided by the laws of the State. Further, from the record:

"The Court finds that Plaintiffs have not proven by a preponderance of the evidence that the above quoted language has no meaning and is untrue. In the light of admitted increases in pay over the years coupled with shorter working hours, this Court cannot say the City Directors were acting without regard to the requirement that additional pay for holidays be considered and applied."

The court also observed that all firemen throughout the years had known of the provisions of the statutes but had uniformly acquiesced with the City's position that in fixing salaries for firemen, pay for holidays had been included and pro-rated.

We are forced to conclude that the trial court's finding relative to appellants' failure to establish their case cannot be overturned. There really is no evidence to disprove the clause

appearing in the various appropriation acts over the years. The City's position, not only in the briefs, but at oral argument, was emphatically set out to the effect that the City does include the thirteen days holiday pay for firemen in the budget, and that it is paid to the firemen on a pro-rated basis over the year. The burden of proof, of course, is on the plaintiff in a lawsuit to establish his case by a preponderance of the evidence. As stated by the trial court, it appears that the strongest and principal circumstance relied upon by appellants is that the holiday pay was not specifically itemized. While we agree that this might well be a better method of handling the matter, there is no statutory requirement that this be done. Of course, we cannot approve the action of appellee in 1955 when, following the passage of Act 132 of 1955, it reduced the salaries of firemen, and then, in the same ordinance, raised them back to the same amount as a matter of grainting the extra pay,[2] and litigation at that time by appellants might well have resulted in a favorable verdict, but it must be borne in mind that this occurred some nineteen years ago, and in the meantime, the City vigorously contends that it has, for a long number of years, heeded, and observed, the statutory acts as well as granted pay increases and shorter working hours.

Summarizing this point, we really get down to the fact that the statement of earnings did not specifically identify the amount representing holiday pay, but this is not proof that the Board of Directors of the City of Little Rock has failed to comply with such statutes.

The trial court also commented on the fact that though firemen have known for many years of the statutes in question, they have acquiesced in the manner in which pay has been calculated and have consistently accepted this system of payment. It is true that this is normally a circumstance to be considered. In *Walnut Grove School District No. 6* v. *County Board of Education*, 204 Ark. 354, 162 S.W. 2d 64, we said:

---

[2]It should be pointed out that the ordinance itself states that the reason for this action was to prevent a violation of Amendment 10 to the Arkansas Constitution which provides that a city cannot exceed its revenues for any one year. However, this argument is not advanced by appellee in its brief or oral argument as the basis for passage of the 1955 ordinance. The record does not reflect the financial status of the City in 1955.

"As a general rule executive and administrative officers will be·called upon to interpret certain statutes long before 'the .courts may have an occasion to construe them. Inasmuch as the interpretation of statutes is a judicial function, naturally the construction placed upon a statute by an executive or administrative official will not be binding upon the court. Yet, where a certain contemporaneous construction has been placed upon an ambiguous statute by the executive or administrative officers, who are charged with executing the statute, and especially if such construction has been observed and acted upon for a long period of time, and generally or uniformly acquiesced in, it will not be disregarded by the courts, except for the most satisfactory, cogent or impelling reasons. In other words, the administrative construction generally should be clearly wrong before it is overturned. Such a construction, commonly referred to as practical construction, although not controlling, is nevertheless entitled to considerable weight. It is highly persuasive."

Further discussion of this point, however, is unnecessary since we think Point 1 heretofore discussed, is controlling, and we predicate our decision upon that basis, holding that appellants did not meet their burden of proof.

Affirmed.

FOGLEMAN, J., concurs; BYRD, J., dissents.

JOHN A FOGLEMAN, Justice, concurring. I concur but I do not agree that the acquiescence of the firemen or the action of the city should be regarded as an administrative construction of the act which should be given any consideration by either the trial court or this court. The Little Rock construction would thereby be an influencing factor in later determining the meaning of the act in Fort Smith, Pine Bluff, North Little Rock and elsewhere. To me, the long acquiescence of the firemen is to be considered only in determining whether there was substantial evidence that the city had complied with the act since 1963, when the pertinent clause appeared in the budget ordinances.

CONLEY BYRD, Justice, dissenting. Arkansas Statutes Annotated § 19-2109 requires that the holiday pay ". . . *shall be* based on each man's daily rate of pay and *in addition to the regular pay schedule.*" I can find nothing in the record to show that these firemen have been paid anything other than the "regular pay schedule." The inclusion in all budget appropriations of the city that "The appropriations made herein include additional pay for holidays . . . as provided for by the laws of the State of Arkansas" is only a conclusion and is not proof of the fact that holiday pay was paid in addition to the "regular pay schedule." The fact that the same clause is attached to identical budgets involving employees not entitled to holiday pay under the laws of Arkansas only adds emphasis to the conclusionary nature of the City's position and proof.

Of course the EASE with which the majority opinion permits cities to circumvent the mandatory holiday pay requirements so effectively mutilates the holiday pay statutes that they become nothing more than empty rhetoric.

For the reasons stated, I respectfully dissent.