The Honorable Knox Nelson State Senator P.O. Box 5715 Pine Bluff, Arkansas 71611
Dear Senator Nelson:
This is in response to your request for an opinion on whether Christmas trees are exempt from sales tax. Specifically, you note that the Revenue Division of the Department of Finance and Administration will begin collecting sales tax for the sales of Christmas trees November 1, 1989.
The relevant statute is A.C.A. 26-52-401 (Supp. 1989), which exempts certain products from imposition of the Arkansas sales tax. The statute lists as exempt the following:
 (18)(C) Gross receipts or gross proceeds derived from the sale of raw products from the farm, orchard, or garden, where the sale is made by the producer of the raw products directly to the consumer and user;
* * *
 (E) Exemptions granted by this subdivision shall not apply when the articles are sold, even though by the producer thereof, at or from an established business; neither shall this exemption apply unless the articles are produced or grown within the State of Arkansas;
 (F)(i) However, nothing in this subdivision shall be construed to mean that the gross receipts or gross proceeds received by the producer from the sale of the products mentioned herein shall be taxable when the producer sells, at an established business located on his farm, commodities produced on the same farm.
* * *
 (iv) The provisions of this subdivision shall not be construed to exempt sales by florists and nurserymen.
Sales of Christmas trees by the producers directly to customers would be exempt from Arkansas sales tax, pursuant to the statute above, as "raw products" from a farm, orchard or garden, unless the sales are by "nurserymen".
If the trees are sold by "nurserymen", the sale must include Arkansas sales tax. Your question thus hinges upon whether producers of Christmas trees who sell directly to consumers are "nurserymen".
It should be initially noted in this regard that the Revenue Division of the Department of Finance and Administration has interpreted the statutory term "nurserymen" as including producers of Christmas trees. It has been held that the interpretation of a statute by an administrative agency, while not conclusive, is highly persuasive. Arkansas Public Service Commission v. Allied Tel. Co., 274 Ark. 478, 625 S.W.2d 515 (1981). Arkansas Contractors Licensing Bd. v. Butler Const. Co.295 Ark. 223, 728 S.W.2d 129 (1988). The following was also stated in Walnut Grove School District No. 6 v. County Board of Education, 204 Ark. 354,162 S.W.2d 64 (1942):
 `. . . As a general rule executive and administrative officers will be called upon to interpret certain statutes long before the courts may have an occasion to construe them. Inasmuch as the interpretation of statutes is a judicial function, naturally the construction placed upon a statute by an executive or administrative official will not be binding upon the court. Yet where a certain contemporaneous construction has been placed upon an ambiguous statute by the executive or administrative officers, who are charged with executing the statute, and especially if such construction has been observed and acted upon for a long period of time, and generally or uniformly acquiesced in, it will not be disregarded by the courts, except for the most satisfactory, cogent or impelling reasons. In other words, the administrative construction generally should be clearly wrong before it is overturned. Such a construction, commonly referred to as practical construction, although not controlling, is nevertheless entitled to considerable weight. It is highly persuasive.'
204 Ark. at 358-359, citing Crawford's Interpretation of Laws, 219.
Admittedly, here the administrative construction has not been long continued. It is my opinion, however, that the language of our Supreme Court set out above still requires that the administrative construction be taken as "highly persuasive" and possibly not overturned unless "clearly wrong".
"Nursery" is defined by Webster's Seventh New Collegiate Dictionary (1972) (the dictionary routinely used by the Opinions Division of this office), as "an area where plants (as trees and shrubs) are grown for transplanting, for use as stocks for budding and grafting, or for sale." Webster's supra at p. 580. (Emphasis added). It may be concluded that Christmas trees are trees grown for sale, and that therefore they are grown in a "nursery", and thus are sold by "nurserymen". There is admittedly some ambiguity and room for an opposite construction.
In this regard, it should be noted that there is a statutory definition of the term "nursery" found at A.C.A., 2-21-102(3).
The definition appears in the "Arkansas Nursery Fraud Act of 1919." The act gives the State Plant Board authority to license nurseries and persons nurseries, and to adopt rules and regulations regulating them. "Nursery" is defined at2-21-102(3) as follows:
 (3) "Nursery" means any grounds or premises on or in which nursery stock is propagated and grown for sale, or any grounds or premises on or in which nursery stock is being fumigated, treated, packed, or stored.
"Nursery stock" is defined at A.C.A. 2-21-102(2) as follows:
 (2) "Nursery stock" means all field-grown florist stock, trees, shrubs, vines, cuttings, grafts, scions, buds, fruitpits, and other seeds of fruit and ornamental trees and shrubs and other plants and plant products for propagation, except field, vegetable and flower seeds.
A "nurseryman" is defined as "the person who owns, leases, manages, or is in charge of a nursery". A.C.A. 2-21-102(4). The definition of "nurseryman", which is crucial to our inquiry, is dependent upon the definition of "nursery". The definition of "nursery" is dependent upon the definition of "nursery stock." That term appears to include only items grown "for propagation." See A.C.A.2-21-102(2). Christmas trees are ordinarily not grown "for propagation." It thus may reasonably be concluded that Christmas trees sold by the producer directly to the customer from the producer's farm, or at another non-established business (see supra n. 1), are not made by "nurserymen" and thus are exempt from the Arkansas sales tax.
Our inquiry, however, is not quite this simple. As noted previously, the interpretation of A.C.A.26-52-401(18)(F)(iv) by the Revenue Division will in all likelihood not be overturned unless clearly wrong. This is, ultimately, a determination for a court of competent jurisdiction. It is my opinion that the court's review would include the statutory and common law definitions set out above. While it must be recognized that tax exemptions are to be construed strictly against the exemption, (Tony and Susan Alamo Foundation v. Ragland, 295 Ark. 12,746 S.W.2d 646 (1988), cert denied 109 S.Ct. 137
(1988)), it is my opinion that the statutory definitions set out above, which tie the definition of a "nursery" to items "for propagation" and "for transplanting", might prompt a court to find the Revenue Division's interpretation clearly wrong. It is accordingly my opinion that the imposition of the tax on sales made by producers at their farms, or at other non-established places of business directly to the consumers, may be subject to challenge.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
STEVE CLARK Attorney General
SC:arb
[1] The exemption will also be inapplicable if the articles are sold from an established place of business, other than an established business located on the farm.
[2] Rules of statutory construction provide that where interpretation of a particular statute is in doubt, express language and legislative construction of another statute employing similar language and applying to similar persons or things may control by force of analogy. Stibling v. U.S.,419 F.2d 1350 (8th Cir. 1969).
[3] It should also be noted that the definition of "nursery" contained in Hardin v. Vestal, 204 Ark. 492,162 S.W.2d 923 (1942) leads to a similar conclusion. The term is therein defined as "a Place where trees, shrubs, vines, etc., are propagated for transplanting or for use as stalks for grafting; a plantation of young trees or other plants". 204 Ark. at 496 (emphasis added). It was held in Hardin that the statutory distinction between "nurserymen" and farm producers was not unconstitutional. The court there, however, was not faced with a real question as to whether in fact the plaintiff was a "nurseryman" under the statute.