Kelly BRYANT, Secretary of State *v.* Benny RINKE AND Odell G. KUYKENDALL

5-6005                                    482 S.W. 2d 116

Opinion delivered July 10, 1972

*Ray Thornton*, Atty. Gen., by: *Fred H. Harrison*, Asst. Atty. Gen., for appellant.

*U. A. Gentry*, for appellees.

*Henry Woods* and *George E. Campbell*, for Arkansas Bar Association, Amicus Curiae.

LYLE BROWN, Justice. Separate suits were brought by appellees, Benny Rinke and Odell G. Kuykendall, to enjoin appellant, the Secretary of State, from causing two amendments proposed by the General Assembly to be published as required by law. They alleged invalid enactments of the proposals. The chancellor agreed with appellees.

The regular session of the General Assembly of 1971 voted to submit to the electorate two proposed constitutional amendments. House Joint Resolution No. 11 proposed amendment 55 and Senate Joint Resolution No. 4 proposed amendment 56. The General Assembly failed to comply with art. 19, § 22, Arkansas Constitution of 1874 in failing to cause the amendments to be entered at length on the journals with the ayes and nays. After the complaints were filed herein, but before the cases were brought to trial, the General Assembly was called into extraordinary session. One of the purposes set out in the call by the gov-

ernor was to consider "appropriate resolutions" to cause the journal entries with regard to proposed amendments 55 and 56 to reflect "more fully and completely" the final action of the legislature with regard to such proposed amendments.

The journal committees of both houses, pursuant to the directives of the extraordinary session, prepared supplements to the journals of the regular session reflecting the full texts of the resolutions and inserted them in the journals as directed by the special session.

The Arkansas Constitution, art. 19 § 22, authorizes the submission of constitutional amendments. A majority vote of all elected members of the body or bodies proposing an amendment is required and each amendment shall be entered in the journals with the ayes and nays. With respect to those requirements the chancellor held (1) that the failure of the General Assembly, in a regular session, to conform to the requirements could not be cured by action of a subsequent special session; and (2) that neither of the resolutions, after amendment, were entered in the journal *with the aye and nay votes.*

We have two cases which, although not exactly in point with the case at bar, reflect the importance we attach to conformity with requirements as to journal entries. *McAdams* v. *Henley,* 169 Ark. 97, 273 S.W. 355 (1925); *Coulter* v. *Dodge,* 197 Ark. 812, 125 S.W. 2d 115 (1939).

We have carefully scrutinized the journal entries as reflected in the abstract and have concluded that the trial court was correct in its finding that the journal, even after the attempted corrections, does not reflect the aye and nay votes on the two resolutions after amendment. Those defects are fatal to the resolutions. Other issues are raised by the briefs but we do not find it necessary to reach them.

The decree is affirmed with directions that the injunction to prevent the publications be made permanent.

Affirmed.