We Agree: HARRIS, C.J., and GEORGE ROSE SMITH, HOLT and ROY, JJ.

George O. JERNIGAN, Secretary of State
et al *v.* Walter R. NIBLOCK et al

76-249                    540 S.W. 2d 593

Opinion delivered September 20, 1976
(In Banc)

*Jim Guy Tucker,* Atty. Gen., by: *Lonnie A. Powers,* Dep. Atty. Gen., and *Eugene R. Warren,* for appellants.

*Charles A. Brown* and *U. A. Gentry,* for appellees.

ELSIJANE T. ROY, Justice. Appellees instituted this action to enjoin the Secretary of State from certifying to the appropriate election officials Proposed Constitutional Amendment No. 58. Thereafter the Arkansas Medical Society was granted permission to intervene as party-defendant.

Appellees contend *inter alia* that House Joint Resolution No. 17 (H.J.R. No. 17) was not passed with the formalities required by Article 19, § 22 of the Arkansas Constitution. The trial court agreed with appellees and held that the House and Senate had adopted different versions of H.J.R. No. 17 and that the popular name and ballot title of the proposed amendment "are not in accordance with existing case law . . . . " Accordingly, the court enjoined the Secretary of State from taking any further action to place Proposed Constitutional Amendment 58 on the ballot. From said decree this appeal is pursued.

We review the record to see if constitutional requirements have been met. There is no dispute as to what the journals of the House and the Senate reflect. H.J.R. No. 17, in pertinent part, reads as follows:

SECTION 1. Amendment twentysix (26) to the Constitution of the State of Arkansas is hereby amended to read:

The General Assembly shall have power to enact laws prescribing the amount of compensation to be paid by employers for injuries to or death of employees, and to whom said payments shall be made. It shall also have the power to enact laws prescribing the amount of compensation to be paid *to persons for injuries or death caused by malpractice performed by practitioners of the healing arts as classified by Title 72 of the Statutes of the State of Arkansas.* It shall have power to provide the means, methods and forum for adjudicating claims arising under said laws and for securing payment of same. Provided, that otherwise no law shall be enacted limiting the amount to be recovered for injuries resulting in death or for injuries to persons or property; and in case of death from such injuries the right of action shall survive, and the general assembly shall prescribe for whose benefits such action shall be prosecuted. (Italics supplied.)

On January 16, 1976, H.J.R. No. 17 was amended (Amendment No. 3) by striking lines 29 and 30 on page 1 and substituting the following:

To persons for injuries or death caused by malpractice performed by hospitals, nursing homes, certified registered nurse anesthetists, and by practitioners of the healing arts as classified by Title 72 of the Statutes.

The House journal shows the amendment was adopted by more than 51 votes, but the yeas and nays were not recorded.

On January 19, 1976, H.J.R. No. 17 was again spread on the record of the House journal as originally introduced but without making the changes indicated in Amendment 3.

Later the resolution was amended (Amendment 4) by deleting the phrase "as classified by Title 72 of the Statutes of the State of Arkansas," with the yeas and nays being recorded.

On January 26, 1976, the resolution as a whole was read in the House the third time, with the yea and nay vote being recorded, but again the words of Amendment 3 "by

hospitals, nursing homes, certified registered nurse anesthetists" were omitted.

The Senate journal indicates that when H.J.R. No. 17 was called up for a third reading and final passage, it was spread upon the journal, *in extenso,* with the yea and nay vote recorded. The resolution of the Senate included the words "by hospitals, nursing homes, certified registered nurse anesthetists" which did not appear in the H. J.R. No. 17 as finally adopted by the House.

Article 19, § 22 of the Arkansas Constitution in pertinent part reads as follows:

> § 22. Constitutional amendments.-Either branch of the General Assembly at a regular session thereof may propose amendments to this Constitution, and, if the same be agreed to by a majority of all members elected to each house, *such proposed amendments shall be entered on the journals with the yeas and nays.* . . . . (Italics supplied.)

In *McAdams* v. *Henley,* 169 Ark. 97, 273 S.W. 355 (1925), this Court stated:

> We have decided that the provision in § 22, art. 5, requiring the yeas and nays to be entered on the journal on the final passage of a bill, is mandatory, and that the omission renders an enactment void. *Smithee* v. *Garth,* 33 Ark. 17; *State* v. *Bowman,* 90 Ark. 174; *Butler* v. *Board of Directors,* 103 Ark. 109.

In *Bryant* v. *Rinke,* 252 Ark. 1043, 482 S.W. 2d 116 (1972), we reaffirmed that where the journal, *after attempted corrections, did not reflect the yea and nay votes on two resolutions after amendment,* as required by Article 19, § 22 of the Arkansas Constitution, these defects were fatal to the resolution.

In *Coulter* v. *Dodge,* 197 Ark. 812, 125 S.W. 2d 115 (1939), we stated:

> * * * In other words, it was essential that the journals of both the House and Senate show definitely and certainly what amendment had been approved for submission,

and that both the House and the Senate had concurred in the submission of the same amendment, and that the journals of the two Houses, when read together, make this fact definite and certain.

In distinguishing the case from *McAdams, supra,* the Court said:

> * * * Had the House amended the Senate resolution, as was done in the case of *McAdams* v. *Henley, supra,* then it would have been necessary *for the House to enter the resolution as amended, in extenso,* upon the journal of the House, and if the Senate concurred in the amendment made by the House, *it would also have been necessary for the Senate to again enter upon its journal the amended resolution,* thus showing its concurrence therein. * * * (Italics supplied.)

The entries here do not reflect that the same proposal to amend the Constitution was entered upon the House journal and the Senate journal. Amendment 3 was adopted by *viva voce* vote, the yea and nay vote not recorded in the House journal, and, furthermore, this amendment was not spread upon the record in the final passage of H.J.R. No. 17 by the House. Thus the House and Senate versions of the proposed amendment clearly differ.

Appellants contend, citing the *Coulter, supra* and *McAdams, supra,* cases, that if the Court looks at the "complete record of the passage of this resolution it can come to no other conclusion but that the House and the Senate passed the same version of this resolution." We cannot agree for to reach this conclusion we would have to assume or presume that the final vote of the House was a mistake and that the House did not intend to vote on H.J.R. No. 17 as it is reflected in the journal. We cannot make this assumption or rewrite the journals, but must scrutinize them as recorded.

In *Rice* v. *Palmer,* 78 Ark. 432, 96 S.W. 396 (1906), this Court quoted with approval from *Collier* v. *Frierson,* 24 Ala. 100 (1854), stating:

> The Constitution is the supreme and paramount law. The mode by which amendments are to be made under

it is clearly defined. It is said that certain acts are to be done, certain requisitions are to be observed, before a change can be effected. But to what purpose are these acts required or the requisitions enjoined, if the Legislature or any other department of the government can dispense with them? To do so would be to violate the instrument they are sworn to support; and every principle of public law and sound constitutional policy requires the court to pronounce against every amendment which is shown not to have been made in accordance with the rules prescribed by the fundamental law.

We are compelled by the record before us to find that constitutional procedures were not followed when the General Assembly adopted Proposed Constitutional Amendment 58.

Appellees also contend, and the trial court found, that the ballot title and popular name failed to meet the requirements of the law. In view of our decision on the first point it is unnecessary to discuss this issue.

For the foregoing reasons, we affirm the decree of the chancellor holding that Proposed Constitutional Amendment 58 should not be placed on the election ballot, and the injunction previously entered is made permanent.

Affirmed.